Filed Nov. 19, 1886.

No. 12,601.

THE INDIANA INSURANCE COMPANY v. CAPEHART.

CORPORATION.—*Agency in County Must Exist when Suit is Brought.*—In an action against a corporation under section 309, R. S. 1881, an agency for the transaction of business must be shown to exist in the county at the time suit is commenced.

INSURANCE.—*Proof of Loss.*—*Conditions Precedent.*—*Performance.*—*Waiver.*—*Pleading.*—Where a policy of insurance stipulates that the assured shall, as soon after a loss as possible, render a statement, under oath, concerning the origin and circumstances of the fire, stating the interest of the assured or others in the property, with its value, and that the insurance shall not be due or payable until sixty days after proof of loss, such

stipulations are conditions precedent to a right of recovery, and the complaint, in an action on the policy, must affirmatively show a performance or waiver of the conditions.

SAME.—*Evidence.*—*Power of Adjuster to Waive Preliminary Proof of Loss.*— Evidence that, in pursuance of a stipulation in the policy to that effect, the assured submitted to an examination under oath, at the request of the company, and was then notified by the agent, who had authority to make the examination and to adjust losses, that nothing further would be required, sufficiently establishes the authority of the agent to waive the other preliminary proof of loss required by the policy.

SAME.—*Stipulation Against Waiver by Agent.*—In such case, a stipulation in the policy, that "no agent has power to waive any condition of this contract unless by written endorsement thereon," refers to conditions essential to make the contract obligatory and binding between the parties in the first instance, and to its continuing force and obligation until a loss occurs, and does not refer to stipulations requiring the assured to make proof of loss in a specified manner.

From the Pike Circuit Court.

*V. Carter,* for appellant.

*E. A. Ely* and *J. W. Wilson,* for appellee.

MITCHELL, J.—To a complaint founded on a policy of insurance, the appellant pleaded in abatement of the action, that it was a domestic corporation, having its principal office in the city of Indianapolis, and that at the time the suit was commenced it had no office or agent for the transaction of business, in the county of Pike, where the suit was commenced.

To this plea the plaintiff below replied, that at the time the policy in suit was issued, one John M. Doyle was the duly authorized agent of the appellant in and for the county of Pike, and as such signed and delivered the policy which was the foundation of the action. That after the loss occurred, Doyle who was still the appellant's agent, attempted to negotiate a settlement of its liability under the policy. That after the complaint was filed a summons was duly issued and served on Doyle, " who was the agent of the defendant as aforesaid," and that there was at the time no other officer or agent of the defendant in Pike county. The repli-

cation contained an averment that service was also had upon the president of the company, in Marion county.

The court overruled a demurrer to this reply, and this ruling is urged as a ground for reversal.

Section 32 of the civil code, R. S. 1881, section 309, provides, in substance, that when a corporation has an office or agency in any county for the transaction of business, any action growing out of the business of such office may be brought in the county where the office or agency is located, and service upon any agent or clerk employed in such office shall be sufficient service upon the principal.

Fairly construed, the reply amounts to nothing more than an argumentative denial of the plea in abatement. It shows that at the time the policy was executed, as well as after the loss occurred, and when the summons was issued and served, Doyle was the agent of the appellant in Pike county. This was all that was required to give the circuit court in Pike county jurisdiction of the defendant by its process. We agree with appellant's counsel, that an agency must have existed at the time suit was commenced. The reply sufficiently shows that it did exist.

Upon a trial of the issue joined on the plea in abatement, the court found for the plaintiff, and gave judgment that the defendant should answer over.

In the policy under which the loss occurred, there was a stipulation to the effect that as soon after a loss as possible the assured should render a particular statement under oath, giving such information as the assured may have been able to obtain concerning the origin and circumstances of the fire, stating also the title and interest of the assured and others in the property, together with its value. It also provided that the claim should not be due or payable until sixty days after the full completion of all the foregoing requirements contained in the policy.

In the first paragraph of the complaint, it was averred gen-

The Indiana Insurance Company v. Capehart.

·erally, that the plaintiff had performed all the conditions of the policy, required to be performed by her.

The second paragraph set up facts which amounted to a waiver of the conditions requiring formal proof of loss, as ·stipulated for in the policy.

With the general denial, the defendant answered in bar, that the plaintiff had not, prior to the commencement of the action, complied with the conditions of the policy, by making proof of the loss, etc.

On motion this paragraph of the answer was stricken out. This ruling is presented as a subject for consideration. Fur-·nishing the proofs stipulated for in the policy, was a con-·dition precedent to the plaintiff's right of recovery. The ·claim for loss was not due until sixty days after such proof was furnished. It was therefore essential to the sufficiency ·of the complaint that the plaintiff should affirmatively show ·a performance of the conditions upon which the claim ma-·tured, or that a performance had been waived. *Board, etc.,* v. *Hammond*, 83 Ind. 453; *Home Ins. Co.* v. *Duke*, 43 Ind. 418.

The plaintiff having averred performance in one para-·graph and a waiver of the conditions in the other, the issue in that regard was completed by the general denial, without the necessity of a special affirmative answer. There was, ·therefore, no error in sustaining the motion to strike out the ·answer which set up failure to perform the conditions by ·making proof, etc.

Lastly, it is claimed that the evidence does not sustain the verdict of the jury, and that hence the court erred in over-ruling appellant's motion for a new trial.

The point chiefly contested was, whether or not there had been a waiver of the conditions of the policy requiring proofs ·of loss.

Appellant insists: 1. That the evidence fails to show a ·state of facts which in themselves constitute a waiver. 2.

That the special agent who waived the proofs of loss had no authority to that end, even conceding that the facts proved constitute a waiver.

Concerning the first proposition, the plaintiff testified, that immediately after the fire she gave notice of the loss to the local agent, from whom she had received her policy. That shortly thereafter a Mr. Fulton, who represented himself to be the adjuster of the insurance company, came to the town in which the plaintiff resided, examined duplicate bills of her stock which she had procured, and made an estimate of her sales and the amount of stock on hand at the time of the fire. He then prepared a written statement which she signed and verified, and which Mr. Fulton retained. Thereupon he told her that she' had nothing more to do, that the company would settle the loss satisfactorily, and that she would receive a check for the money in a short time.

The testimony of Mrs. Capehart, although contradicted to some extent by Mr. Fulton, is corroborated by Mrs. Welden. The jury evidently accepted her statement as true.

Assuming the facts to be as detailed by the plaintiff, the finding that there was a waiver of the stipulation requiring preliminary proofs of loss, other than the written statement taken by Mr. Fulton, is abundantly sustained.

The policy contained a stipulation that the assured should submit to an examination under oath, at the request of the company. This was inserted doubtless with the view that the company would thereby be enabled to obtain more full and complete proofs, concerning the origin and circumstances of any fire which might occur, and the nature and extent of the loss, than would be afforded by the formal proofs which the assured might furnish. Having taken and retained in its possession the examination so provided for, the production of other preliminary proofs was rendered practically useless, and having notified the plaintiff that nothing further would be required of her, it must be deemed that the facts constitute a waiver. *Security Ins. Co.* v. *Fay,* 22 Mich. 467 (7 Am.

R. 670); *Priest* v. *Citizens' M. F. Ins. Co.*, 3 Allen, 602; *Gans* v. *St. Paul F. & M. Ins. Co.*, 43 Wis. 108 (28 Am. R. 535); *Badger* v. *Phœnix Ins. Co.*, 49 Wis. 396.

The proof does not show what the precise powers of Mr. Fulton were, but it is not denied that he was acting for the company when he took the examination or sworn statement of Mrs. Capehart. He had been employed by the appellant to adjust losses, and having the authority, as it is conceded he had, to act upon the subject of taking proofs concerning the loss, it must be held that he had power, after making the examination provided for in the policy, to dispense with the other proofs stipulated for therein. *Ætna Ins. Co.* v. *Shryer*, 85 Ind. 362, and cases cited.

Counsel for appellant, however, contend that the agent had no power to waive the production of other proofs, because the policy contained on its face the following printed stipulation: "No agent has power to waive any condition of this contract unless by written endorsement thereon."

We are not required in this case to enter into an examination of the power of agents to waive conditions contained in insurance contracts, by acts *in pais*, when such contracts contain stipulations concerning the power of its agents of the character above referred to. It is sufficient to say that limitations of the character above set out are usually held to refer to the power of agents to waive such conditions in the policy as are of the essence, and enter into and form a part, of the contract of insurance, such as are essential to make the contract obligatory and binding between the parties in the first instance, and those upon which its continuing force and obligation are dependent, until a loss occurs.

Concerning conditions of that description, and the power of an agent to waive them, except in the manner provided, much discussion and some contrariety of opinion may be found. *Blake* v. *Exchange Mut. Ins. Co.*, 12 Gray, 265; *Viele* v. *Germania Ins. Co.*, 26 Iowa, 9; *Palmer* v. *St. Paul F. &*

*M. Ins. Co.*, 44 Wis. 201; *Susquehanna Ins. Co.* v. *Staats*, 102 Pa. St. 529; *Universal Ins. Co.* v. *Weiss*, 106 Pa. St. 20.

Stipulations which do not properly amount to conditions upon which the inception or obligation of the contract depends, and which merely require that something should be done by the assured in the way of furnishing proofs or information to the insurer regarding the circumstances and origin of the fire, the nature and extent of the loss, may be and are waived when other proofs or information in respect to the same matter are accepted or received without objection by an agent of the company who is duly authorized to act with reference to that subject. *Franklin Fire Ins. Co.* v. *Chicago Ice Co.*, 36 Md. 102 (11 Am. R. 469); May Ins., section 511.

The purpose of requiring proof of loss by the assured having been subserved in a manner provided for in the policy, the agent of the company charged with the duty of inquiring concerning that very matter, having made inquiry, and having induced the assured to believe that no other proof would be required, the company must now be held estopped to say that such agent was not authorized to dispense with the formal proofs stipulated for in the policy, by accepting for the company other proofs in its stead.

There was no error. The judgment is affirmed, with costs.

Filed Sept. 22, 1886; petition for a rehearing overruled Nov. 20, 1886.