The Phenix Insurance Company v. Pickel.

Filed Jan. 8, 1892.

---

No. 293.

## THE PHENIX INSURANCE COMPANY v. PICKEL.

INSURANCE.—*Action Upon Policy.—Notice of Loss.— Waiver of Notice.—Averment in Complaint.—Sufficiency of.*—In an action upon a policy of insurance which provided, among other things, that the insured should give the company notice of any loss thereunder forthwith, and furnish proof of such loss within a specified time, the complaint sufficiently avers a waiver of such provision when it shows, by necessary implication, that the company had actual notice of the loss, and waived further notice and proof within the time in which the insured could yet have performed the conditions and saved his rights under the policy.

SAME.—*Age of Building Insured.— Warranty as to.*—Where the insured, in an application for insurance, warranted that the building was only twelve years old, there was no breach of this warranty in the fact that a portion of the material used in the reconstruction of the building on which the policy was placed was more than twelve years old.   The age

The Phenix Insurance Company *v.* Pickel.

of a building must be computed from the date of its erection, and not from the age of the materials used in constructing it.

SAME.—*Notice of Loss.*—*Delay in Giving.*—*Sufficient Excuse for.*—The fact that the adjuster of the insurance company visited the scene of the conflagration on the day after the loss for the purpose of obtaining information relative thereto, and at that time informed the insured that no notice or proof of loss need be furnished by him, is sufficient to account for the failure of the insured to give the company written notice of his loss until fifty days after the loss had occurred.

SAME.—*Receipt of Notice.*—*From what May be Inferred.*—The receipt of the notice by the company may be inferred from the uncontradicted evidence that it was duly mailed in an envelope, plainly addressed to the insurance company at its general office, and stamped with sufficient United States postage, the company not denying its receipt.

PRINCIPAL AND AGENT.—*Declarations of Agent as to Agency.*—Where the agency of a party has been established by competent evidence, it is not harmful error to admit the declaration of the agent to the effect that he was acting as such duly authorized agent.

From the Sullivan Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*W. A. Cullop, C. B. Kessinger, G. W. Buff* and *J. S. Bays,* for appellee.

•

CRUMPACKER, J.—This case was first tried in the Knox Circuit Court and resulted in a judgment in favor of the insurance company. An appeal was taken to the Supreme Court, and the judgment was reversed upon questions arising upon the pleadings. *Pickel* v. *Phenix Ins. Co.,* 119 Ind. 291. Upon the return of the cause, the trial court changed its rulings upon the several paragraphs of answer and reply conformably to the opinion on the former appeal, and the cause was taken to Sullivan county on change of venue, where it was tried upon the issues thus reformed without alteration or amendment. A special verdict was returned upon which the appellee had judgment.

The policy sued upon contained a provision requiring the insured to give the company notice of any loss thereunder forthwith, and to furnish proof of such loss within a specified time.

It is insisted on behalf of appellant that the second paragraph of complaint is defective in that it does not show a compliance with this requirement, nor a sufficient excuse for failing to do so.

No cross-errors were assigned upon the former appeal, and the sufficiency of the paragraph of complaint in question was not discussed in the opinion; yet, in holding several paragraphs of the answer bad upon demurrer, the court impliedly adjudged the complaint sufficient upon the theory that a cause will not be reversed for overruling a demurrer to a defective answer unless it is addressed to a good complaint. This rule has reference to the complaint as a whole, however, and in this case there are two paragraphs of complaint, the first of which is conceded to be good, so it can not be said that the Supreme Court passed upon the sufficiency of the paragraph under consideration, even by implication, and we are free to consider it now.

Relative to the performance of precedent conditions, this paragraph states that " The plaintiff further avers that he performed all of the conditions of said contract upon his part except this, that he did not immediately notify the defendant in writing of said loss, and did not make and send or take to the defendant proof of said loss or damage, at its Chicago office, but as a reason for not doing so the plaintiff says the defendant waived notice and proof thereof in the manner following to wit: Said defendant had actual knowledge thereof, and notified and told the plaintiff that it would not pay said loss, or any part thereof, and that he need not give said notice in writing or make said proof."

The giving of notice and furnishing proof of loss within the time fixed by the contract were made conditions precedent to the company's liability, and it was incumbent upon the insured to show a substantial performance of such conditions, or a sufficient legal excuse for their non-performance. *Commercial, etc., Co.* v. *State, ex rel.,* 113 Ind. 331 ; *Indiana Ins. Co.* v. *Capehart,* 108 Ind. 270.

It is argued with much plausibility that the second para-graph of complaint fails to show a sufficient excuse for the failure to give notice and furnish proof, because it does not expressly aver when the company had actual notice, nor when it waived a compliance with the conditions.

We agree with counsel for appellant in the view that if the facts constituting the alleged waiver did not occur until after the policy had been forfeited by the appellee's failure to perform the conditions, the attempt to plead a waiver has failed. The mere fact that the company informed the in-sured that he need not give notice in writing, nor furnish proof of loss after the contract was forfeited, because of his failure so to do, would not of itself revive the liability against the company. May Insurance, section 507.

But we think the complaint, fairly construed, shows by necessary implication that the company had actual notice of the loss, and waived further notice and proof within the time in which the insured could yet have performed the con-ditions and saved his rights under the policy. Paraphrased, the averments upon this subject are, that the appellee did not give notice of the loss within the time required by the policy, because the company already had actual notice thereof, and relieved him from the duty of giving further notice or fur-nishing proofs. The necessary meaning of the language em-ployed is that the failure to give the notice as required by the terms of the contract was because of the company's waiver within the time prescribed. The act of the company influenced the appellee to omit the formal notice, and the predication of such omission upon such act of the company sufficiently shows that it occurred while there was yet time and opportunity to perform the conditions.

Facts constituting a cause of action should be stated in plain, concise terms, "and in such a manner as to enable a person of common understanding to know what is intended." Section 338, R. S. 1881.

Substantial justice should be the end to which all plead-

ings are construed, and to the achievement of this end liberality should attend the construction thereof.    Section 376, R. S. 1881.

We do not overlook the rule of pleading imported into our code system from the common law, requiring doubtful and ambiguous averments to be construed most strongly against the pleader.    There is no such doubt or ambiguity in the averment under consideration as will bring it within the operation of that rule.    Common law rules of construction must yield to express statutory rules, and, measured by the latter, there was no error in overruling the demurrer.

The next question urged for our consideration relates to the action of the trial court in awarding appellee judgment upon the verdict.

A breach of warranty was pleaded in the second paragraph of the answer, wherein it was alleged that the appellee warranted the building insured to be only twelve years old, when in truth and in fact it was thirty years old.    This answer was adjudged sufficient as a plea of breach of warranty upon the former appeal, but in the case of *Rogers* v. *Phenix Ins. Co.*, 121 Ind. 570, the Supreme Court held the same kind of an answer bad under precisely the same provisions in the policy and application.

Notwithstanding the latter decision we must regard the ruling upon the former appeal as the "law of the case." *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 110 Ind. 225 ; *Forgerson* v. *Smith,* 104 Ind. 246.

The building insured is described in the policy as a " one story , board-roof, log and frame building," and in answer to a question , in the application, the appellee stated that it was twelve years old.    It is stated in the special verdict " that the log part of said house was of the age of twenty-four years, and the frame part six years ; that at the time said frame house was constructed the said log house was repaired, making it all new except the logs in the building ;

The Phenix Insurance Company v. Pickel.

that the fair average age of said house, at the time of said application, was fifteen years."

While it is true that a warranty is a condition precedent to a right of recovery upon an insurance policy, and must be shown to be exactly and literally true, the verdict does not show a breach of warranty of the age of the building insured. When the frame part of the building was constructed six years before the date of the application, the log building was entirely reconstructed, and built of new materials, except the old logs were used. The age of a building must be computed from the date of its erection, and not from the age of the materials used in constructing it. It is not a building until it is constructed as such, and the fact that old, or second-hand materials enter, to some extent, into its composition, can not add to its age as a building. We can not be controlled by the conclusion of the jury upon the particular facts, that the average age of the building was fifteen years, because in arriving at this conclusion they evidently considered the age of the materials which, as we have seen, was not proper.

It is also claimed, in this connection, that the verdict fails to show that the policy sued upon was executed by the appellant, or that the property covered by it was owned by the appellee at the time of the loss. Viewing the verdict as a whole, it very clearly states both of these facts against the appellant.

There is no merit in appellant's motion for a *venire de novo*, as every essential issue of fact is found with reasonable certainty, and the verdict affords an adequate basis for the judgment.

It is further insisted that the court erred in permitting the appellee to give in evidence the declarations of one Burdett, to the effect that he was a duly authorized agent of appellant.

It may be conceded that the declarations of an agent are

admissible against the principal only when made in connection with the business of the principal, and within the scope of the agent's authority; but such declarations are never competent to prove the *fact* of the agency. *Johnston Harvester Co.* v. *Bartley*, 81 Ind. 406; *Union, etc., Ins. Co.* v. *Thomas*, 46 Ind. 44.

But in this instance the agency of Burdett was clearly proved by other competent evidence, which the jury had no right to disregard, and was not denied by the appellant. It was the duty of the jury, under the evidence, to find such agency, regardless of the declarations of the agent, and the admission of such declarations, under the circumstances, resulted in no harm.

Appellee was allowed to prove that he gave the company written notice of his loss fifty days after it occurred, and this is relied upon as error. It was held, on the former appeal, that an unexplained delay of fifty days in giving notice of loss was an unreasonable delay, and would defeat an action on the policy. Notice was required in a reasonable time, and what constitutes a reasonable time, in such cases, depends upon the conditions and circumstances of the particular case. *Insurance Co.* v. *Brim*, 111 Ind. 281.

In the case before us the appellant's adjuster visited the scene of the conflagration, on the day after the loss, for the purpose of obtaining information relative thereto, and at that time he informed appellee that no notice or proof of loss need be furnished by him. This was sufficient to excuse the giving of the notice sooner, or even at all.

The only evidence of giving such notice was proof that it was duly mailed, in an envelope, plainly addressed to the appellant at its general office, and stamped with sufficient U. S. postage.

Its receipt was not denied by the company, but it is argued that the jury was not authorized in inferring such fact from the mailing of the notice. This question is decided adversely

to the contention of the appellant in the case of *Home Ins. Co.* v. *Marple*, 1 Ind. App. 411.

. The evidence amply sustains the verdict.

Judgment affirmed.

Filed Dec. 8, 1891; petition for a rehearing overruled Jan. 9, 1892.