The American Fire Insurance Company of New York *v.* Sisk *et al.*

---

No. 1,051.

## THE AMERICAN FIRE INSURANCE COMPANY OF NEW YORK *v.* SISK ET AL.

PLEADING.—*Complaint.*—*Motion to Make More Specific.*—*Immaterial Averment.*—*Waiver.*—*Practice.*—In an action on an insurance policy, for goods destroyed by fire, wherein it is alleged that proof of loss was waived by the company, averments in relation to furnishing the proofs of loss afterwards may be treated as surplusage and immaterial, and it is not error to overrule a motion to make such immaterial averments more specific.

INSURANCE.—*Officers and Agents, Power to Waive.*—*Stipulations and Conditions in Policy.*—*Proof of Loss.*—Where an insurance policy contains a stipulation that no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and providing that, as to those provisions and conditions, no officer shall have the power to waive such provisions or conditions unless such waiver shall be written upon or attached hereto, and providing that no privilege or permission affecting the insurance shall exist or be claimed by the insured unless so written or attached, such stipulation can not be invoked to defeat the effect of a waiver of the

VOL. 9—20

The American Fire Insurance Company of New York *v.* Sisk *et al.*

proofs of loss, when alleged in the complaint in an action on the policy.

EVIDENCE.—*Parol Testimony, How Brought into Record.*—The only way in which parol testimony can be brought into the record is to have the same incorporated in, and made a part of, the bill of exceptions; and where a bill recites that a witness testified to specific articles damaged by fire which are the same as set out, in manner and form, in the list incorporated in the complaint, the articles not being set out in the bill or otherwise referred to, such reference does not make the testimony referred to a part of the bill, and consequently the bill does not contain all the evidence given in the cause.

SAME.—*Not all in Record.*—*Questions, When Considered and When Not.* —Where all the evidence does not appear to be in the record, questions in relation to the evidence or instructions can not be considered, unless it appears that the omitted evidence is not necessary to fairly present the questions sought to be raised.

INSTRUCTIONS TO JURY.—*Conjunctive Assignment.*—*When Unavailable.* —*Presumption.*—If an assignment of error is that the court erred in giving to the jury certain instructions, naming them conjunctively, such assignment can avail nothing unless all of such instructions are bad; and where the incorrectness of any of such instructions is not insisted upon, it will be presumed to be correct.

INTERROGATORIES TO JURY.—*Refusal to Submit.*—*Reversal.*—*Discretion.* —Before an appellant can secure a reversal of the judgment of the trial court on the ground that the court erred in refusing to submit interrogatories to the jury, the appellant must show that the trial court abused its discretion.

From the Knox Circuit Court.

*W. H. De Wolf,* for appellant.

*W. A. Cullop* and *C. B. Kissinger,* for appellees.

DAVIS, C. J.—This was an action upon a fire insurance policy issued by appellant to appellee, on the 2d day of March, 1891, insuring their household and kitchen furniture, carpets, beds, bedding, linen, family wearing apparel, plated ware, etc., against loss or damage by fire, for the period of one year, in the sum of six hundred dollars.

It is alleged in the complaint, among other things, that on the 11th of May, 1891, the property owned by

them covered by the policy was destroyed by fire; that appellees had duly performed all the conditions of the contract on their part; that immediately after the fire occurred said appellees notified appellant of said fire and the loss occasioned thereby, and that the appellant then and there viewed the ruins occasioned by said fire, and that appellees then and there exhibited to appellant an itemized statement of the articles lost by said fire, and the value of the same, and that the appellant then and there notified appellees that they need make no further proof of their loss, as said proof was sufficient, and said appellant then and there and thereby waived all further proof of loss therein, and appellees, for said reason, did not make proof in writing under oath of said loss to appellant until the —— day of August, 1891, when they made the written proof of said loss to said appellant. An itemized statement containing a description and value of the property, consisting of numerous articles covering seven pages of the transcript of the record is incorporated in the complaint.

The appellant filed a motion to require appellees to make their complaint more certain and specific in the following particulars, to wit:

1st. "To state specifically and definitely the nature and contents of the statements or proofs of loss made by plaintiffs and delivered to defendant. 2d. To state specifically the kind of 'wearing apparel' embraced in that item."

This motion being overruled, appellant excepted and thereupon filed a motion to require appellees "to paragraph their complaint so that there will be as many paragraphs as there are causes of action stated in the complaint," which motion was also overruled and exception reserved.

Appellant then moved the court to strike out all that part of the complaint in relation to the making of the

"written proof of said loss to said defendant," and this motion was overruled and exception saved.

Appellant thereupon demurred to the complaint for want of facts, and the demurrer was overruled and appellant excepted.

Appellant then filed its answer in four paragraphs:

1st. General denial.

2d. Alleging that plaintiffs obtained other insurance upon the same property without consent of defendant.

3d. Transfer by James Sisk of his interest in the insured property to his co-plaintiff.

4th. Fraud in obtaining the policy.

Plaintiffs filed a demurrer to the second, third, and fourth paragraphs of the answer, which was overruled, and thereupon they filed a reply of denial.

The cause was tried, resulting in a verdict against defendant. A motion for a new trial was filed, which was overruled.

The errors assigned are:

1. The circuit court erred in overruling appellant's motion to require the appellees to make their complaint more certain and specific.

2. The circuit court erred in overruling appellant's motion to require appellees to paragraph their complaint.

3. The circuit court erred in overruling the motion of appellant to strike out certain parts of the complaint of appellees.

4. The circuit court erred in overruling appellant's demurrer to the complaint of appellees.

5. The circuit court erred in overruling the appellant's motion for a new trial.

The first error discussed brings in review the action of the trial court in overruling the motion of appellant to require the appellees to make their complaint more certain and specific. The motion contains two specifica-

tions, one in relation to the nature and contents of the "proofs of loss," and the other as to the kind of "wearing apparel." It is insisted that the allegation in respect to the "proofs of loss" is a mere conclusion, and that the item "wearing apparel" is too uncertain and indefinite.

The defendant, in such case as this, is undoubtedly entitled to a reasonably full, clear, definite and specific statement in the complaint of the cause of action relied upon, and also such description of the property burned, and the appropriate remedy for uncertainty, in the allegations, in these respects, is by motion to make more specific. *Pennsylvania Co.* v. *Dean,* 92 Ind. 459; *Hawley* v. *Williams, Exec.,* 90 Ind. 160; *Cincinnati, etc., R. R. Co.* v. *Chester,* 57 Ind. 297.

When a motion to make a complaint more specific and definite, in some material respect is overruled, such ruling is erroneous; but, notwithstanding, it may appear that it would have been proper to sustain such motion, a wrong ruling thereon does not constitute prejudicial error, if no substantial injury arises from overruling it. *Alleman* v. *Wheeler,* 101 Ind. 141; Elliott's App. Proced., section 665.

In considering the first specification in the motion it should be borne in mind that the policy provides that in case of fire immediate notice thereof shall be given the company, and within sixty days after the fire the insured shall render a statement to the company, signed and sworn to, containing, among other things, a description of the property, together with the cash value of each item thereof, etc. The giving of the notice and furnishing proof of loss within the time fixed by the contract were made conditions precedent to the company's liability, and it was incumbent on the insured to aver in the complaint a substantial performance of such condi-

tions, or sufficient legal excuse for their nonperformance. *Phenix Ins. Co.* v. *Pickel*, 3 Ind. App. 332, and authorities there cited.

In this case the complaint contains the general averment, as we have before observed, that appellees have performed all the conditions of the contract on their part, which, under the decisions of the Supreme Court in this State, is sufficient without any allegations in relation to "proofs of loss." *Indiana Ins. Co.* v. *Capehart*, 108 Ind. 270; *Phenix Ins. Co.* v. *Pickel*, 119 Ind. 155; *Commercial Union, etc., Co.*, v. *State, ex rel.*, 113 Ind. 331.

Without reference to whether this general allegation was sufficient to withstand a motion to make more specific in respect to the nature and contents of the proofs of loss, the waiver of the proofs of loss, by the company within sixty days after the fire, as alleged in the complaint, was a sufficient legal excuse for not furnishing such proofs as required by the terms of the policy. *Phenix, etc.*, v. *Pickel, supra*.

The policy specifically and definitely prescribes the nature and contents of the statements and information necessary to constitute the proofs of loss. The failure to make such proofs, unless waived, would, as we have stated, under the terms of the policy, have been fatal to appellee's right of recovery. Whether, notwithstanding the general averment of performance of all the conditions of the contract on their part, the appellees, in the absence of the waiver alleged, could have been required, on proper motion, to make their complaint more specific by stating the nature and contents of the proof of loss, we need not determine, for the reason that in view of the waiver of such proofs as alleged in the complaint, the averment in relation to furnishing the proofs of loss afterwards may be treated as surplusage and immaterial, and it was

not therefore error to overrule a motion to make an unnecessary and immaterial averment more specific.

Counsel for appellant insist that they had the right to demand a description of the kind of apparel which the appellees claim was lost in the item designated as "wearing apparel" in the description of the property embraced in the statement incorporated in the complaint. The contention is that the term must apply to some kind of dress to be worn upon the person—some kind of garment—and that appellant was entitled to know the kind of apparel referred to in that item. The itemized statement of the description and value of the property embraces numerous items covering, as we have seen, seven pages. In the brief, counsel have not directed our attention to the line or page of the transcript where the item in question can be found. The item "wearing apparel," we have no doubt, is among the two hundred other items contained in the complaint, but whether the amount thereof is placed at $1 or $50 we are not advised by any statement in the briefs or reference to the record. A casual glance over the pages of the transcript shows that the items vary from "one soap dish, 25 cents," to "one range, $150." The value of the "wearing apparel" may be merely nominal."

Rule 25 provides that briefs "shall refer, by page and line, to the transcript wherever necessary to a full understanding of the questions discussed."

The decisions of the Supreme Court are in harmony with this rule. *City of Anderson* v. *Neal*, 88 Ind. 317; *Louisville, etc., R. W. Co.* v. *Donnegan*, 111 Ind. 179; Elliott's App. Proced., section 440.

Moreover, we have carefully read the evidence in the case, and have not noticed any reference therein to "wearing apparel," and our attention has not been called to any such item.

We observe that the testimony of one of the witnesses is not set out in full in the bill of exceptions which purports to contain all the evidence given on the trial, but it appears that the witness did testify to the articles damaged by the fire, and that instead of inserting and setting out the testimony of the witness as given by her on the stand in reference to the articles burned and their value, the recital is made, "said articles and their value, above referred to, will be found on pages 3 to 9 of this transcript, commencing on line 2 of page 3," and when we refer to this part of the transcript we find the list which forms a part of the complaint.

The court is not called upon to search the record to find the item in question.

Whether the overruling of a motion to make such an item more specific constitutes prejudicial error, must depend on the facts and circumstances of each particular case. If the amount of loss claimed on account of damage to "wearing apparel" was large, we can readily see how such a motion would, in many instances, be well taken, but if the claim was small, merely nominal, such ruling might be harmless.

The general rule, applicable to the question under consideration, is that in this court every presumption is indulged in favor of the decisions of the trial court, and the burden is upon the appellant to overcome such presumption. It has heretofore been uniformly held that it is not enough merely to allege or assign error, but in every case the appellant must clearly show the particular error upon which he relies for a reversal of the judgment. Elliott's App. Proced., sections 292, 592, 613, and authorities there cited.

Further, it is not enough to reverse a judgment, that an erroneous ruling which has not in any manner prejudiced the appellant has been made. It is only where

error is shown to have occurred in the trial court, which, it appears, was probably prejudicial to appellant, that an appellate court will reverse the judgment. *City of Lafayette* v. *Ashby*, 8 Ind. App. 214, 34 N. E. Rep. 238 (241).

As the question is presented to us in this case, we are not prepared to say that the action of the court in overruling the motion to make the complaint more specific, is reversible error. Our attention has not been called to anything indicating that appellant was in any manner prejudiced or injured by such ruling.

It is next insisted that two separate and distinct causes of action are stated in the complaint, and that the court erred in overruling the motion to paragraph the complaint "so that there will be as many paragraphs as there are causes of action stated in the complaint."

We do not concur with counsel in this contention. A reading of the complaint clearly shows, in our opinion, that there is but one cause of action therein stated. The theory of the complaint is that appellant waived the furnishing of the proofs as provided in the policy. The averment that the proofs were afterwards furnished is not inconsistent with the theory of waiver, under the circumstances alleged in the complaint. The complaint certainly did not state facts sufficient to constitute a cause of action on the theory that the condition requiring proofs of loss to be made within sixty days had been complied with. This averment adds nothing to the strength of the complaint, and may, as we have before observed, be regarded as surplusage.

It is next urged that the demurrer to the complaint should have been sustained, first, on the ground that conditions of the contract with reference to giving notice and making proofs of loss are not shown to have been complied with within the time fixed in the policy; and,

second, for the reason that no waiver of such conditions is shown to have been indorsed upon the contract.

It is true, as we have before seen, that the complaint fails to show that appellees complied with the terms of the contract so far as making proofs of loss within sixty days is concerned. In fact, it affirmatively appears that this condition was not complied with, but the alleged waiver of this provision constitutes a good legal excuse for such failure, and in this respect the complaint is sufficient. *Phenix Ins. Co.* v. *Pickel, supra.*

The second objection to the sufficiency of the complaint is based upon the following clause: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

In construing a similar provision, the Supreme Court, in *Indiana Ins. Co.* v. *Capehart, supra,* says: "It is sufficient to say that limitations of the character above set out are usually held to refer to the power of agents to waive such conditions in the policy as are of the essence, and enter into and form a part, of the contract of insurance, such as are essential to make the contract obligatory and binding between the parties in the first

The American Fire Insurance Company of New York *v.* Sisk *et al.*

instance, and those upon which its continuing force and obligation are dependent, until a loss occurs. * * * Stipulations which do not properly amount to conditions upon which the inception or obligation of the contract depends, and which merely require that something should be done by the assured in the way of furnishing proofs or information to the insurer regarding the circumstance and origin of the fire, the nature and extent of the loss, may be and are waived when other proof or information in respect to the same matter is accepted or received without objection by an agent of the company who is duly authorized to act with reference to that subject.''

Under this authority, and the cases therein cited, the stipulation quoted can not be invoked by the appellant to defeat the effect of the waiver of the proofs of loss alleged in the complaint.

There was no error in overruling the demurrer to the complaint.

It is next urged that the court erred in overruling appellant's motion for a new trial. The contention is that the court erred in admitting certain evidence, and also in giving and refusing to give instructions.

Counsel for appellees insist that these questions are not properly presented, for the reason that it affirmatively appears that all the evidence is not in the record.

An examination of the record discloses that so much of the testimony of appellee Eliza M. Sisk, as relates to the description and value of the property destroyed or damaged by the fire, is not in the record. Her testimony is omitted, but it is recited that she testified to the specific articles damaged by the fire, which are the same articles mentioned and set out in manner and form as hereinbefore stated in the list incorporated in the complaint. These articles are not set out or otherwise referred to in the bill of exceptions.

The only way in which parol testimony can be brought into the record, is to have the same incorporated in and made part of the bill of exceptions. The parol evidence must be inserted into a bill of exceptions before it is signed. *Patterson* v. *Churchman*, 122 Ind. 379; *Shugart* v. *Miles,* 125 Ind. 445.

The provision in the statute, section 638, R. S. 1894, that "It shall not be necessary to copy a written instrument or documentary evidence into a bill of exceptions, but it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words 'here insert,'" does not apply to parol evidence.

The Supreme Court, and this court also, have uniformly held that although the bill of exceptions concludes with the words "this was all the evidence given in the cause," yet if it affirmatively appears that the bill does not contain all the evidence, be it much or little, the court will not consider any question which depends for its proper decision on the evidence. *Eichel* v. *Bower,* 2 Ind. App. 84; *Gish* v. *Gish,* 7 Ind. App. 104, 34 N. E. Rep. 305, and authorities there cited; *Collins* v. *Collins,* 100 Ind. 266.

But this rule does not apply where the question does not depend upon the entire evidence. *Pavey* v. *Wintrode,* 87 Ind. 379.

Where the court admits improper evidence, the question can ofttimes be determined without the entire evidence. *Shorb* v. *Kinzie,* 80 Ind. 500.

In discussing this question in *Johnson* v. *Wiley,* 74 Ind. 233, Judge ELLIOTT says: "The appellee argues that we can not, without all the evidence before us, consider the question whether testimony was or was not erroneously excluded. The broad proposition is made that it is, in all cases, improper to consider the correctness of a ruling excluding evidence, unless the entire

body of the evidence is fully and properly in the record. This proposition declares an erroneous doctrine. There are cases where the appellate court may rightfully review a ruling excluding testimony, without having all the evidence before it." *Pedigo* v. *Grimes*, 113 Ind. 148.

It is true, there are expressions in some of the cases, where there appears to have been an omission from the record of some evidence, however insignificant such omission may have been, which seem to hold that no question in relation to the evidence or instructions can be considered in such condition of the record under any circumstances. Such statements must be limited so as not to apply to cases where it appears that the omitted evidence was not necessary to fairly present the question or questions sought to be raised. *Estate of Wells* v. *Wells*, 71 Ind. 509.

But, as we will see further along, if we should hold in this case, that all the evidence is in the record; that the reference to an exhibit,—to the articles and items therein set out,—was equivalent to setting out the testimony of the witness in the bill of exceptions, yet no error has been shown in any of the rulings of the trial court prejudicial to appellant.

Counsel for appellant say: "Various objections were made to the introduction of evidence and exceptions reserved to the rulings which appear in the bill of exceptions, some of which we will briefly notice."

The testimony of appellee, Eliza M. Sisk, is then referred to, but we fail to find at the place indicated, or elsewhere, for that matter, any objections to the evidence or any ruling of the court in relation thereto. There is some argument as to the consistency, weight, and credit of her testimony. The gist of the argument is, that the agent who is referred to by her had no authority to waive

the making of the proofs of loss, but as to this question it is sufficient to say there was a conflict in the evidence, and on the facts and circumstances disclosed by the record this court would not undertake to review the evidence on the point discussed.   She testifies that the man who was with the agent was the adjuster of the company. Moreover the evidence tends to show that the agent was authorized to accept risks, to agree upon and settle terms of insurance, and to issue and renew policies, and that he did adjust losses for the company.   It is urged that the affirmative defenses pleaded by appellant were fully established by the evidence.   Suffice it to say that an examination discloses a conflict in the evidence on this branch of the case.

No error, either in admitting or excluding evidence, has been shown, and, if the evidence was all considered in the record, we could not disturb the verdict on the ground that the evidence was not sufficient to sustain it on every material point in the case.

It is next urged that the court erred in giving certain instructions.   The cause is assigned in the motion for a new trial as follows:  ''The court erred in giving in charge to the jury, on its own motion, instructions number 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 14½.'' This assignment calls in question the correctness of all the instructions, and can be maintained only by showing that all of the instructions are erroneous.   *Rees* v. *Blackwell*, 6 Ind. App. 506, 33 N. E. Rep. 988; *Williamson* v. *Brandenberg*, 6 Ind. App. 97, 32 N. E. Rep. 1022; *Walker* v. *Johnson*, 6 Ind. App. 600, 33 N. E. Rep. 267; *Pennsylvania Co.* v. *Sears*, 136 Ind. 460, 34 N. E. Rep. 15.

It is not insisted that all of the instructions were incorrect, and we must presume, in the absence of objection, that several, in fact a majority, of the instructions

state the law correctly.  As the assignment is joint, if one
of the instructions only is good, the error can not be sus-
tained.   There was no error in refusing to give the in-
structions asked.   If we should, in the condition of the
record as to the evidence, enter upon the consideration
of the correctness of these instructions (*Evansville, etc.,
R. W. Co.* v. *Lavender, Admx.,* 7 Ind. App. 655, 34 N. E.
Rep. 109; *Stout* v. *Turner,* 102 Ind. 418), we would be
confronted by the question that the assignment is joint in
the motion for a new trial as to all five of the instruc-
tions asked and refused, and, further, no reason is stated
tending to show in what respect the court erred in refus-
ing to give them or any of them.

The last error relied on is that the court erred in re-
fusing to submit certain interrogatories propounded by
appellant, to the jury.   We quote in full all that is said
by counsel for appellant on this question:

"The appellant also asked that the jury be required to
answer certain interrogatories which are in the record,
at page 180, line 1, and this the court refused.   We in-
sist the interrogatories should have been answered, and
the refusal to do so in itself entitles us to a reversal.  An
exception to this ruling was duly saved and assigned as
a reason for a new trial.   The interrogatories were perti-
nent to the issues and the evidence, and it was incum-
bent upon the court to have required the jury to answer
them."

In what respect appellant was injured by this ruling,
is not suggested.  An examination of the record discloses
that it is silent as to when the interrogatories were pre-
sented to the court.   The statute provides that the court,
"in all cases, when requested by either party, shall in-
struct them (the jury) if they render a general verdict
to find specially upon particular questions of fact to be
stated in writing."   Section 555, R. S. 1894.

The statute does not prescribe the time when such request shall be made, or when such written questions of fact must be presented to the court.   These matters were, by reason of the silence of the statute in these respects, left to the sound discretion of the courts.   It has been settled by the decisions of the Supreme Court in this State, that in order to secure a reversal of the judgment of the trial court on the ground that the court erred in refusing to submit such interrogatories to the jury, the appellant must show to the appellate court that the trial court abused its discretion.   This, it has been held, can be done by affirmatively showing by the record, in an appropriate manner, that before the commencement of the argument the complaining party duly presented to the court written interrogatories in proper form, calling for answers on particular questions of fact material to the issues, in the event the jury render a general verdict. *Kopelke* v. *Kopelke,* 112 Ind. 435; *Glasgow* v. *Hobbs,* 52 Ind. 239; *Taylor* v. *Burk, Exec.,* 91 Ind. 252; Elliott's App. Proced., sections 651, 673, 737.

It does not appear that the court erred in this ruling.

We have now considered every question discussed by counsel, and we find no error for which the judgment of the trial court should be reversed.

Judgment affirmed.

Filed Feb. 20, 1894.