## MENDENHALL ET AL. v. THE FARMERS INSURANCE COMPANY OF KOKOMO, INDIANA.

[No. 22,825. Filed November 5, 1915.]

1. INSURANCE.—*Fire Insurance.*—*Promise to Repair.*—*Knowledge of Conditions.*—*Estoppel.*—Where the insurer notified the insured of the defective condition of the property, and received as a part of the application for insurance the insured's express promise to repair, knowledge of the condition was not alone sufficient to estop the insurer to avoid liability for failure to repair, but the burden was on the insured to also prove that the insurer had knowledge of the failure to repair. p. 696.

2. INSURANCE.—*Fire Insurance.*—*Promise to Repair.*—*Liability.*— Where the issuance of the policy sued on was based in part on the insured's agreement, attached to the application, to make certain needed repairs within a reasonable time and to use his best endeavors to protect the property against loss or damage by fire, such agreement was material to the risk, and failure by the insured to make the repairs precluded recovery against the insurer. p. 696.

3. INSURANCE.—*Cancellation.*—*Tender of Premium.*—*Sufficiency.*— *"Use".*—*"Benefit".*—Where, on proof of loss, the insurer denied liability and tendered and offered to repay to plaintiff the amount of the premium theretofore paid, and, on his refusal to accept such tender, the amount was deposited with the clerk of the circuit court "for the use of plaintiff", the tender to such officer was not rendered insufficient by failure to designate it as made for the "use" and "benefit" of plaintiff, since when used in such connection the words are practically synonymous. p. 697.

4. INSURANCE.—*Action.*—*Rescission of Policy.*—It is not necessary that a policy be rescinded before suit is brought thereon, but an answer to a complaint for loss thereon may rescind the contract and will be sufficient if accompanied by a proper tender back of the premium received. p. 697.

5. INSURANCE.—*Cancellation.*—*By-Laws.*—A by-law of an insurance company providing a method for cancelling policies, and setting forth a method for making a cancellation, without any restriction as to other methods, does not prevent the cancellation of a policy after suit is brought, accompanied by the payment of the proper amount of return premium into court for the use and benefit of the plaintiff. p. 697.

From Howard Circuit Court; *J. F. Morrison*, Special Judge.

Action by Alpheus L. Mendenhall and another against The Farmers Insurance Company of Kokomo, Indiana. From a judgment for defendant, the plaintiffs appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)  *Affirmed.*

*Herron & Byers,* for appellants.

*Bell, Kirkpatrick & Voorhis* and *Blacklidge, Wolf & Barnes,* for appellee.

SPENCER, C. J.—It appears from the special finding of facts made by the trial court in this case that on April 11, 1912, appellee issued to appellants a certain policy of insurance in which it agreed to insure appellants against loss by fire of a certain dwelling house which they owned but did not occupy.  Said policy of insurance was based on a written application therefor, signed by appellant Mendenhall, and containing among others, the following questions and answers:

"Chimneys—How many?  Answer—Two.  Material of Same?  Answer—Brick and ventilator.  Condition? Answer—Fair, only.  Do you agree to keep your flues repaired and in good condition?  Answer—Yes, and agree to repair kitchen ventilator."

It further appears that the secretary of appellee company, at the request of appellant Mendenhall and before the application for insurance was executed, made an inspection of appellants' house for the purpose of determining its insurability and advised Mendenhall that the condition of the kitchen chimney and ventilator was fair only.  Mendenhall agreed to repair said ventilator and his agreement was incorporated in the application as above noted.  On September 12, 1912, the house in question was totally destroyed by a fire which originated in that part of the house where the kitchen ventilator was located.  Said ventilator had not been repaired by appellants, or either of them, and the court found specially that there was an unreasonable delay on their part in endeavoring to carry out the agreement to re-

pair which was contained in their application for insurance. Numerous other findings present the case in detail but the above statement, in substance, is sufficient to make clear the principal question involved in this appeal, which may be thus stated, Did the failure on the part of appellants to make the promised repairs to the kitchen ventilator operate to avoid the policy in suit? Appellants take the position that the promise concerning said ventilator was immaterial and did not influence or affect the risk assumed by appellees; also, that if material, appellee is estopped to assert any rights thereunder for the reason that it alone had knowledge of the actual condition of said ventilator when the policy was executed, and the special findings are silent as to its lack of knowledge when the fire occurred. Treating the last contention first, it is clear that appellants' position is not well taken. Although proof of the existence of a certain condition at one time may, under proper cercumstances, give rise to a presumption that such condition continued to exist, yet that rule has no application here. Appellee notified appellants of the defective condition of their property and received as a part of the application for insurance their express promise to repair. It is true that appellee had knowledge of the condition which then existed but to defeat recovery on the ground of estoppel it was incumbent on appellants to prove that appellee also had knowledge of their failure to repair. The burden of this issue, if properly involved, rested on appellants and the absence of such a finding must be construed against them.

Some question is presented as to whether the agreement to repair made by appellants was a promissory warranty or a representation. It is unnecessary to pass on this question, however, for we cannot agree that it was immaterial to the risk. The effect of the court's finding is that the issuance by appellee of the policy of insurance was based in part on the agreement of appellants to make certain needed repairs within a reasonable time and

to use their best endeavors to protect the insured property against loss or damage by fire. It is expressly found that this agreement was violated by appellants and an extensive review of authorities is unnecessary to establish the fact that a recovery should be denied. The evident purpose of the precaution promised was to reduce the risk. That promise was relied on by the insurer and was incorporated in the contract of insurance by reference to the written application of which it formed a part.

In finding No. 31 the trial court stated that on receipt of proof of loss from appellants, appellee tendered and offered to repay to appellants the amount of the premium which they had theretofore paid on said policy; that they refused to accept said tender whereupon appellee deposited said sum with the clerk of the Howard Circuit Court "for the use of plaintiffs". Appellants assert that this was not a proper tender of said premium money for the reason that it should have been made for their use *and benefit*. This contention is trivial. The words "use" and "benefit", as used in the expression "for his use and benefit", are practically synonymous and where, as in this case, the findings show an effort to make a tender to the opposite party in person and, failing a tender to the proper officer, the failure of the trial court in its special findings to characterize such tender as for both the *use* and *benefit* of the party is of no consequence.

Appellants also contend that there is no proper finding as to a rescission of the contract in suit by appellee. It was not necessary, however, that a rescission take place before suit is brought and the answer to a complaint for loss on a policy may rescind the contract and will be sufficient if accompanied by a proper tender back of the premium received. *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 351, 83 N. E. 760. Appellants do not dispute this rule of law but deny its availability here on the ground that article 14 of ap-

pellee's by-laws determines the method of rescission to be adopted. That section reads as follows:

> "The Board of Management, Secretary or Actuary may cancel any policy or policies when in their judgment it will best serve the company so to do. And tender to the insured holding such policy or policies, of the amount of money due him, if any, together with notice of such action, shall constitute a cancellation of such insurance."

While this section provides a method whereby the proper officers of appellee company may cancel a policy, it does not assume to be exclusive in effect and will not prevent the adoption of the method used in this case.

Judgment affirmed.

NOTE.—Reported in 110 N. E. 60. As to when a contract of fire insurance is complete, see 69 Am. St. 143. Waiver of conditions in insurance policy by insurer's knowledge of existing facts, see 2 Ann. Cas. 280; 18 Ann. Cas. 686. See, also, under (1) 19 Cyc. 778; (2) 19 Cyc. 709; (3) 19 Cyc. 644; (4) 19 Cyc. 651; (5) 19 Cyc. 643.