NEWARK FIRE INSURANCE COMPANY v. MARTINSVILLE HARNESS COMPANY.

[No. 10,458.    Filed October 27, 1920.]

1.  INSURANCE.—*Fire Insurance.—Conditions Precedent.—Notice of Loss.*—Where a policy of fire insurance provided that insured should give immediate notice of loss to the insurer, such notice was a condition precedent on plaintiff to show substantial compliance with such provision, unless its requirements were waived.  p. 16.

2.  INSURANCE.—*Fire Insurance.—Action on Policy.—Failure to Find Insured's Ownership of Property Damaged.*—In an action on a fire insurance policy, a finding that plaintiff was the owner of the property insured at the time of the fire was necessary to show his insurable interest.  p. 16.

3.  . INSURANCE.—*Fire Insurance.—Action on Policy.—Failure to Find Essential Facts.—Effects.*—In an action on a fire insurance policy, failure to find that insured gave notice of loss as required by the policy, and was the owner of the property insured at the time of the fire, was a finding against insured as to each of such facts.  p. 16.

4.  INSURANCE.—*Fire Insurance.—Reformation of Policy.—Findings.—Sufficiency.*—In an action to reform a fire insurance policy, findings that plaintiff intended that his policy should cover and insure his entire stock of merchandise, and that insurer's agent had been instructed, but by mistake of the agent the stock was erroneously described as to the building in which it was located, were sufficient to warrant a conclusion of law that the policy be reformed in respect to such erroneous description.  p. 17.

From Morgan Circuit Court; *Nathan A. Whitaker,* Judge.

Action by the Martinsville Harness Company against the Newark Fire Insurance Company.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*Burke G. Slaymaker,* for appellant.
*John E. Sedwick,* for appellee.

NICHOLS, J.—Action by appellee against appellant to reform a written policy of insurance covering a stock of merchandise, and for recovery on the policy when so reformed. The policy, which was the New York standard form, and which was made a part of the complaint, contained the following provision as to notice:

> "If fire occurs the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put in the best possible order, make a complete inventory of same, stating the quantity and cost of each article and the amount claimed thereon; and within sixty days after the fire, unless such time is extended in writing by the company, shall render a statement, to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof that were occupied at the time of the fire."

The cause was put at issue by a general denial, and submitted to the court for trial. On September 9, 1918, the court stated and filed its special finding of facts, upon which it stated conclusions of law that appellee was entitled to have the policy reformed and to recover thereon, when so reformed, from appellant $107. Judgment was rendered for appellee accordingly. Appellant duly excepted to each of the conclusions of law,

16 · APPELLATE COURT OF INDIANA,

Newark Fire Ins. Co. *v.* Martinsville Harness Co.—74 Ind. App. 14.

and on appeal relies for reversal on error of the court in stating each of the same.

The special finding of facts is silent as to any notice or proof of loss to conform to the provisions of the policy above quoted, nor does it appear by the finding

1. that such notice and proof was in any manner waived. Such notice was a condition precedent to appellant's liability, and it was incumbent on appellee to show a substantial compliance with the condition. *Commercial Union, etc., Co.* v. *State, ex rel.* (1888), 113 Ind. 331, 15 N. E. 518; *Indiana Ins. Co.* v. *Capehart* (1886), 108 Ind. 270, 8 N. E. 285; *Phenix Ins. Co.* v. *Pickel* (1891), 3 Ind. App. 332, 29 N. E. 432; *Hanover Fire Ins. Co.* v. *Johnson* (1901), 26 Ind. App. 122, 126, 57 N. E. 277; *Fidelity, etc., Co.* v. *Sanders* (1904), 32 Ind. App. 448, 451, 70 N. E. 167; *Shedd* v. *American Credit, etc., Co.* (1911), 48 Ind. App. 23, 95 N. E. 316; *Hatch* v. *U. S. Casualty Co.* (1908), 197 Mass. 101, 83 N. E. 398, 14 L. R. A. (N. S.) 503, 125 Am. St. 332, 14 Ann. Cas. 290.

There is no finding that appellee was the owner of the property insured at the time of the fire. Such a finding was necessary to show appellee's insur-

2. able interest. *Home Ins. Co., etc.* v. *Duke* (1881), 75 Ind. 535; *Indiana, etc., Ins. Co.* v. *Bogeman* (1891), 4 Ind. App. 237, 30 N. E. 7; *Vernon Ins. Co.* v. *Bank, etc.* (1902), 29 Ind. App. 678, 65 N. E. 23; *Aurora Fire Ins. Co.* v. *Johnson* (1874), 46 Ind. 315; *Insurance Co., etc.* v. *Hegewald* (1904), 161 Ind. 631, 638, 66 N. E. 902.

A failure to find each of these facts was a finding against appellee as to each of them. *Roder* v.

3. *Niles* (1916), 61 Ind. App. 4, 111 N. E. 340; *Mendenhall* v. *Farmers Ins. Co.* (1915), 183 Ind. 694, 110 N. E. 60; *Donaldson* v. *State, ex rel.* (1906), 167 Ind. 553, 78 N. E. 182.

Appellants contend that the court erred in its conclusion of law which was to the effect that the appellee was entitled to have his policy reformed as to the 4. description of the building in which the property destroyed was located. In the special finding of facts the court found that appellee intended that his policy should cover and insure his entire stock of merchandise, but by a mistake of the agent of appellant the stock was erroneously described as to the building in which it was located. Appellee did not know until after the fire that appellant's agent had written the wrong description in the policy. Such agent had been directed by appellee to insure his entire stock of merchandise, and the policy of insurance was intended to cover the entire stock in the buildings in which it was at the time actually located. We think these facts were sufficient to justify the conclusion of law as stated by the court.

In the case of *German Fire Ins. Co.* v. *Gueck* (1889), 130 Ill. 345, 23 N. E. 112, 6 L. R. A. 835, it was held that, if the contracting parties to a policy of insurance make a mistake in the description of the premises or the names of the insured, a court of equity, upon proper proof, has jurisdiction to reform the contract and correct the mistake. An instructive case note on the question of mistakes is found with that case. See, also, *United States, etc., Ins. Co.* v. *Emerick* (1914), 55 Ind. App. 591, 103 N. E. 435.

The majority of the court are of the opinion that justice may be best subserved by granting a new trial. The judgment is therefore reversed, with instructions to the trial court to grant a new trial.