## THE HOME INSURANCE COMPANY OF NEW YORK *v.* DUKE.

INSURANCE.—*Pleading.*—*Condition Precedent.*—Where the terms of an insurance policy provide, that before a loss shall be payable, the insured shall produce to the company sworn statements of the loss and other matters, together with a certificate of a disinterested magistrate respecting the loss; in an action upon the policy, the complaint must show that these conditions precedent have been performed. And in pleading such performance, it is not sufficient to allege, that, " though proof of said loss has been duly made and notice given, yet said defendant has not made good the loss. "

PLEADING.—*Conditions Precedent.*—*Rule at Common Law.*—At common law, in pleading a condition precedent, if there be anything specific or particular in the thing to be performed, though consisting of a number of acts, performance of each must be particularly stated.

SAME.—*Rule Under the Code.*—The code (2 G. & H. 108, sec. 84) provides, that in pleading the performance of a condition precedent in a contract, it is sufficient to allege generally that the party has performed all the conditions on his part.

SAME.—In pleading performance of a condition precedent, if a party does not make the general allegation authorized by the code, but undertakes to make a specific allegation of performance, he must make it with the particularity and strictness required by the rules of the common law.

INSURANCE.—*Certificate of Magistrate.*—Where an insurance policy provides that before a loss shall be payable, the certificate of the nearest disinterested magistrate shall be filed with the company, no recovery can be had on such policy until such certificate is produced.

From the Henry Circuit Court.

*J. T. Elliott* and *J. B. Martindale*, for appellant.

*M. L. Bundy, J. Brown*, and *R. L. Polk*, for appellee.

BUSKIRK, J.—This was a suit by Duke, the appellee, against the Home Insurance Company of New York, the appellant here, on a policy of insurance.

Issues were made and the cause tried by jury. The trial resulted in a verdict and judgment for the appellee.

The appellant demurred to the complaint, because it did not state facts sufficient to constitute a cause of action; the demurrer was overruled, and the ruling excepted to by appellant. This ruling is assigned for error here.

The policy of insurance is made a part of the complaint and is copied into the record.

The ninth clause of the policy provides, that "persons sustaining loss or damage by fire shall forthwith give notice of said loss to the company, and as soon.as possible render a particular account of such loss, signed and sworn to by them, stating whether or what other insurance has been made on the same property, giving copies of the written portion of all policies thereon, also the actual cash value of the property, and their interest therein, for what purpose and by whom the building insured, or containing the property insured and the several parts thereof, were used at the time of the loss, when and how the fire originated; and shall also produce a certificate under the hand and seal of a magistrate or notary public nearest to the place of the fire, not concerned in the loss, as creditor or otherwise, nor related to the assured, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured to the amount which said magistrate or notary shall certify;" and the same clause further provides, "and until such proof, declaration, and certificates are produced, * * * the loss shall not be payable."

By these provisions of the policy, the sworn statement of the loss and other facts required, by the assured, and the certificate of the nearest disinterested magistrate to the facts required to be certified by him, are required to be produced to the company by the assured, as conditions precedent to his right to sue or recover from the company. The loss, by the express terms of the contract, is not payable, until said provisions are complied with by the assured. They are, therefore, conditions precedent, and being such, the complaint must show that they have been performed; otherwise, it does not present sufficient facts to constitute a cause of action. The policy by express terms is made part of the complaint, and being such, the complaint itself shows that these provisions constitute a part of the contract, and being conditions precedent, a performance of them must be shown to make the complaint good.

It is insisted by counsel for appellee that the complaint contains a sufficient allegation of the performance of these conditions.

On the other hand, counsel for appellant argue as follows: " We insist that the complaint does not show a performance of these conditions precedent. The only averment having any reference to the subject is this: ' And though proof of said loss has been duly made and notice given, yet the said defendant has not made the plaintiff good in said loss,' etc.

"Under the code, 2 G. & H. 108, sec. 84, it would have been sufficient to have alleged generally that the plaintiff had performed 'all the conditions on his part;' such an allegation is equivalent to a reference to each condition precedent, coupled with the averment that he had performed it, and is made to imply that he has done all the acts necessary to its performance. But here the allegation falls very far short of a general allegation that the plaintiff had performed 'all the conditions on his part.' Indeed, the pleader seems to have studiously refrained from averring specifically a performance of those conditions, or alleging in general terms that he had performed 'all the conditions on his part;' 'And though proof of said loss has been duly made and notice given.' What proof had been made, in what form, and by whom ? The averment that the proof had been 'duly made' is the statement of a conclusion of law and amounts to nothing. The law requires that pleadings should state facts, leaving the court to draw conclusions of law therefrom; but here the pleader usurps the power of the court and tells us that proof was duly made.

" He does not show that the particular proof required by the policy was made in the manner required, nor does he aver in general terms that he performed that condition precedent, which under the statute is made equivalent to an averment that he did all the acts required by the condition and in the mode therein specified.

"The statute is certainly sufficiently liberal to a plaintiff in allowing him to allege performance of all conditions pre-

cedent on his part in general terms, and we insist that if he would avail himself of its liberality he should be held to a strict compliance. Here, however, the allegation, that 'though proof of said loss has been duly made and notice given,' cannot, by the most liberal stretch of the imagination, be even tortured into an averment (or its equivalent), that the plaintiff had performed all the conditions on his part."

We think the views expressed by the learned counsel for appellant are correct. The allegations in the complaint of performance of the condition precedent are not sufficient, either under the rules of the common law or under the code. The rule as it existed at common law is stated by Chitty thus: "If there be anything specific or particular in the thing to be performed, though consisting of a number of acts, performance of each must be particularly stated." Chit. Pl. 985, note *k*.

The code has modified the strictness of the rule as it existed at common law, by providing that in pleading the performance of a condition precedent in a contract, it is sufficient to allege generally that the party had performed all the conditions on his part to be performed. But this provision has not been extended beyond an allegation of performance, for it has been held that, where the party intends to rely on an excuse for not performing, such as a waiver or negligence of the other contracting party, or a refusal on his part to perform, the particular circumstances constituting such excuse should be averred. The provision of our code confers a new right, but does not destroy the rules of pleading as they existed at the common law. A party may avail himself of the privilege conferred by the code, and may allege generally that he has performed all the conditions on his part. In pleading a performance, the language of the statute should be substantially followed. If a party does not make the general allegation authorized by the statute, but undertakes to make a specific allegation of performance, he

must make it with the particularity and strictness required by the rules of the common law.

The proof as required by the ninth clause of the policy consists not only of the sworn statement which is to be made by the assured, but of the certificate of the nearest magistrate. We are unable to determine whether the allegations of the complaint relate to one or both of these modes of proof. The language of the policy is, " and until such proofs, declarations, and certificates are produced, the loss shall not be payable."

It is well settled by authority that no recovery can be had, in such a case, until the certificate of the nearest disinterested magistrate is filed with the company. *The Protection Insurance Co.* v. *Pherson*, 5 Ind. 417 ; *The Peoria Marine and Fire Insurance Co.* v. *Walser*, 22 Ind. 73 ; *The Columbian Insurance Co.* v. *Lawrence*, 2 Pet. 25.

It does not appear that the attention of counsel or of the court below was called to the eighth section of an act to amend an act entitled "an act for the incorporation of insurance companies," etc., approved March 2d, 1855, which, if applicable, will materially affect the ninth clause of the policy under examination ; but such section does not destroy all conditions precedent, and will not, therefore, affect the question of pleading hereinbefore considered.

We are of opinion that the allegations of the complaint, in reference to the performance of the conditions precedent are insufficient, and that the court erred in overruling the demurrer thereto.

The judgment is reversed, with costs ; and the cause is remanded, with directions to the court below to sustain the demurrer to the complaint, to permit the parties to amend their pleadings if they should so desire, and for further proceedings in accordance with this opinion.