## FIDELITY & CASUALTY COMPANY OF NEW YORK v. SANDERS.

[No. 4,690.   Filed February 18, 1904].

INSURANCE. — *Burglary Insurance.* — *Conditions Precedent.* — *Complaint.* —Provisions in an insurance policy against burglary that assured, upon the occurrence of a burglary, shall give immediate notice thereof to the company's agent, or to the home office, and to the police authorities, and, in the event of a claim for loss under the policy, the claim shall be made forthwith in writing, are conditions precedent to the right of the assured to recover on the policy, and the complaint must affirmatively show a performance of these conditions or that a performance had been waived. *pp. 450, 451*

SAME.—*Burglary Insurance.*—*Notice.*—*Proof of Loss.*—Provisions in a policy issued by a foreign insurance company that the insured shall give immediate notice of the burglary, and shall forthwith furnish proof of loss, are invalid under §4923 Burns 1901, and the most that can be required of the insured is that he shall use reasonable diligence in giving the notice and furnishing proof of loss. *p. 451.*

SAME.—*Burglary Insurance.*— *Notice.*— *Proof of Loss.*— Where a burglary insurance policy provided that insured shall give immediate notice of the burglary, and forthwith furnish proof of loss, a complaint on the policy must aver that notice was given and proof of loss furnished within a reasonable time after the burglary or an excuse shown for not so doing. *pp. 451, 452.*

SAME.—*Burglary Insurance.*—*Notice.*—*Complaint.*—Where a complaint on a policy of insurance against burglary alleged that the burglary was on May 24, 1901, and "that afterwards" plaintiff duly notified defendant of the loss, and there is nothing in the plead-

Fidelity & Casualty Co. *v.* Sanders.

ing to indicate at what time between the occurrence of the burglary and the filing of the complaint, February 27, 1902, the notice was given, the complaint did not sufficiently allege that notice was given within a reasonable time.  *p. 452.*

INSURANCE.—*Burglary Insurance.— Notice.— Proof of Loss.— Complaint.* — An averment in a complaint in an action on an insurance policy "that afterwards the plaintiff duly notified the said defendant of said loss" even if held to include both the notice and proof of loss is no more than the conclusion of the pleader that the notice given and the proof of loss made, if any, were such as the policy required.  *pp. 452, 453.*

SAME.— *Burglary Insurance.— Notice.— Proof of Loss.— Waiver.— Complaint.*—An averment in a complaint in an action on an insurance policy that plaintiff notified defendant of the loss "and the defendant sent an adjuster to adjust the same, but said defendant refused to pay and indemnify the plaintiff for such loss" is not sufficient to show waiver of notice and proof of loss.  *pp. 453, 454.*

SAME.— *Conditions Precedent.— Waiver.*—Conditions in an insurance policy as to notice and proof of loss can be waived only within the time the insured should perform such conditions.  *p. 454.*

SAME.—*Burglary Insurance.—Complaint.*—An averment in a complaint that burglars broke into the building, "and did then and there break into said safe by working the combination and lock on the outer door of said safe, and did then and there, by the use of tools and force, break into the money drawer on the inside of said safe, breaking the lock therefrom, and extracting said drawer from said safe," taking therefrom money, shows a loss within the provisions of a policy indemnifying plaintiff for loss of money "in consequence of the felonious abstraction of the same by burglars from the safe or safes described in said schedule * *  after entry into such safe or safes by such burglars, effected by the use of tools or explosives directly thereupon."  *p. 455.*

APPEAL AND ERROR.—*Pleading.*—A complaint tested by demurrer can not be aided on appeal by reference to other parts of the record, but must stand or fall by its own averments.  *p. 455.*

From Vermillion Circuit Court; *A. F. White,* Judge.

Action by Flora Sanders against the Fidelity & Casualty Company of New York. From a judgment for plaintiff, defendant appeals. *Reversed.*

*M. G. Rhoads* and *B. S. Aikman,* for appellant.
*H. H. Conley* and *P. H. Conley,* for appellee.

ROBINSON, J.—Suit by appellee upon a policy insuring against loss by burglary. Trial by court, and finding and judgment for appellee. Errors are assigned on overruling a demurrer to each of the two paragraphs of complaint, sustaining a demurrer to the second and third paragraphs of answer, and the refusal of a new trial.

Against the sufficiency of each paragraph of the complaint it is argued that it is not averred that appellee had performed all the conditions on her part to be performed, nor are facts pleaded sufficient to constitute an excuse for their nonperformance. The averment in each paragraph is "that afterward the plaintiff duly notified the said defendant of said loss, and the defendant sent an adjuster to adjust the same, but said adjuster refused to pay and indemnify the plaintiff for such loss, although she has frequently demanded the same." The policy provides that the assured, upon the occurrence of a burglary, shall give immediate notice thereof to the company's agent, or to the home office, and to the police authorities; that, in the event of a claim for loss under the policy, the claim shall be made forthwith in writing, setting forth a particular account of the manner in which the burglary was committed, the date, the damage done to the property insured, the assured's interest in the property, other concurrent or similar insurance, and that the company, upon application therefor, will provide the assured with a blank for such statement of loss; that the company shall not be held to have waived any provision or condition of the policy, or any forfeiture thereof, by furnishing such blank, or by any act taken in connection with the investigation of any claim; that no suit shall be brought under the policy until three months after the particulars of the loss, as before required, have been furnished, nor at all unless commenced within twelve months after date of the burglary. The provisions above set out are conditions precedent to appellee's right to recover on the policy. It is essential to the sufficiency of the com-

plaint that it should affirmatively show a performance of these conditions, or that a performance had been waived. *Home Ins. Co.* v. *Duke,* 43 Ind. 418; *Commercial Union Assur. Co.* v. *State, ex rel.,* 113 Ind. 331; *Indiana Ins. Co.* v. *Capehart,* 108 Ind. 270; *Prudential Ins. Co.* v. *Meyers,* 15 Ind. App. 339; *Phenix Ins. Co.* v. *Rogers,* 11 Ind. App. 72.

Section 4923 Burns 1901, relating to foreign insurance companies doing business in this State, and in force when the policy in suit was issued, prohibits such company from inserting certain conditions in its policy; among others, that the insured shall give notice of the loss forthwith, or within the period of time less than five days. The statute provides that any condition inserted in a policy contrary to its provisions shall be void. Under this statute the provisions in the policy in suit that the insured shall give immediate notice of the burglary, and shall forthwith furnish proof of loss, are invalid; but, having been inserted in the policy, the most that can be required by the insurer of the insured is that the insured shall use reasonable diligence in giving the notice and furnishing proof of loss. *Phenix Ins. Co.* v. *Rogers, supra; Germania Fire Ins. Co.* v. *Columbia, etc., Tile Co.,* 11 Ind. App. 385; *Insurance Co.* v. *Brim,* 111 Ind. 281; *Pickel* v. *Phenix Ins. Co.,* 119 Ind. 291.

Appellee then was required to give the notice and furnish proofs of loss within a reasonable time after the burglary, and the complaint should show that this was done or an excuse for not so doing. Ordinarily, what is a reasonable time is a question of fact, but in determining the sufficiency of the facts pleaded as against the demurrer it may be a question of law. The complaint, after stating the facts of the burglary, which it is averred was on May 24, 1901, states "that afterwards" appellee duly notified appellant of the loss. Keeping in view the general rule that a pleading must be construed most strongly against

the pleader, and the fact that this suit was begun February 27, 1902, there is nothing in the pleading to indicate at what time between the occurrence of the burglary and the filing of the suit the notice was given. There is no more authority for concluding that the notice was given a few days after the burglary than that it was given a few days before the suit was filed, nine months after the occurrence. So far as disclosed by the pleading, the notice may have been given at any time between these two dates. If the notice was given eight or nine months after the burglary— and we can not presume in aid of the pleading that it was not so given—the notice was not within a reasonable time. It has been held that an unexplained delay of fifty days in giving notice of a loss under a fire policy requiring notice to be given within a reasonable time, was an unreasonable delay. *Pickel* v. *Phenix Ins. Co., supra.* See, also, *Railway Passenger Assur. Co.* v. *Burwell,* 44 Ind. 460; *Whitehurst* v. *North Carolina Mut. Ins. Co.,* 7 Jones (N. C.) 433, 78 Am. Dec. 246; *Inman* v. *Western Fire Ins. Co.,* 12 Wend. 452; *Trask* v. *State Fire, etc., Ins. Co.,* 29 Pa. St. 198, 72 Am. Dec. 622.

The complaint does not contain the general averment that appellee has performed all the conditions on her part to be performed, nor does it contain anything equivalent to this. The policy not only requires that notice of the burglary shall be given, but that, in the event of a claim, proof of loss shall be made. The only averment in this particular is "that afterwards the plaintiff duly notified the said defendant of said loss." Even if this could be said to include both the notice of the burglary and the proof of loss required by the policy, it is no more than the conclusion of the pleader that the notice given, and the proof of loss made, if any, were such as the policy required. The policy provides that in the event of a claim for loss the same shall be made in writing, duly subscribed by the assured, and shall set forth a particular account of the manner in which the

burglary was committed, the date, a statement in detail of the damage done, a statement defining the assured's interest in the article or property, and of other concurrent or similar insurance, if any. It can not be said that the above averment is equivalent to an averment in general terms that appellee had performed all the conditions precedent. In *Home Ins. Co.* v. *Duke,* 43 Ind. 418, where the complaint averred that "and though proof of said loss has been duly made and notice given," the court said: "The allegation in the complaint of performance of the conditions precedent are not sufficient, either under the rules of the common law or under the code."

Does the complaint show a waiver of the performance of these conditions? The only averment that can be said to show a waiver is that appellee notified the company of the loss "and the defendant sent an adjuster to adjust the same, but said defendant refused to pay and indemnify the plaintiff for such loss." There is a waiver of proof of loss where the company denies the validity of the contract, or asserts that the policy has been canceled (*Commercial Union Assur. Co.* v. *State, ex rel.,* 113 Ind. 331); or where it repudiates the contract and denies all liability (*Bowlus* v. *Phenix Ins. Co.,* 133 Ind. 106, 20 L. R. A. 400); or where the company's agent told the insured that the company was not liable, and would never pay any part of the policy (*National Fire Ins. Co.* v. *Strebe,* 16 Ind. App. 110); or where there is a refusal to pay because the house was not occupied when burned (*Home Ins. Co.* v. *Boyd,* 19 Ind. App. 173); or where the company refuses to pay because the insured property was mortgaged (*Western Assur. Co.* v. *McCarty,* 18 Ind. App. 449). But it certainly could not be held that a refusal to pay because the notice and proof of loss had not been given as the policy requires would be a waiver of the performance of these conditions. And, so far as the pleading discloses, this may have been the reason for refusing payment. No reason whatever is given for the com-

pany's refusal to pay, and the pleading can not be aided by the presumption that it refused to pay for some reason other than that the insured had failed to comply with these conditions.

Moreover, the pleading should show the waiver to have become effective before the policy was forfeited through failure to perform the conditions. These conditions could be waived only within the time when appellee would have performed them,—that is, a reasonable time. So that, if the company's refusal to pay, as pleaded, could be held to constitute a waiver, it does not appear that this refusal to pay was not after the contract, by its terms, was forfeited because of appellee's failure to perform the conditions. *Railway, etc., Assn.* v. *Armstrong,* 22 Ind. App. 406; *Phenix Ins. Co.* v. *Pickel,* 3 Ind. App. 332; *American Fire Ins. Co.* v. *Sisk,* 9 Ind. App. 305; *Standard Life, etc., Ins. Co.* v. *Strong,* 13 Ind. App. 315.

Counsel for appellee cite the case of *Indiana Ins. Co.* v. *Pringle,* 21 Ind. App. 559. In that case the complaint, which was not tested by demurrer, averred that the insured had, on his part, fully performed every act which, by the terms of the policy, he was required to do, and that after the fire the company's adjuster and the insured agreed in writing upon the amount of the loss as covered by the policy, which writing was signed by the insured and the adjuster, on behalf of the company, and filed with the complaint as an exhibit. The only question discussed in that case was the refusal of a new trial. The court correctly held that it was unnecessary to decide whether the averments in the complaint set out a waiver, as upon the trial, without objection by the company, facts were testified to constituting a waiver of proof of loss.

It is further argued that the second paragraph does not aver such a loss as that insured against. In the policy appellant agrees to indemnify appellee for loss of money, etc., "in consequence of the felonious abstraction of the same by

Fidelity & Casualty Co. *v.* Sanders.

burglars from the safe or safes described in said schedule, * * * after entry into such safe or safes by such burglars, effected by the use of tools or explosives directly thereupon." It is averred that burglars broke into the building, "and did then and there break into said safe by working the combination and lock on the outer door of said safe, and did then and there, by the use of tools and force, break into the money drawer on the inside of said safe, breaking the lock therefrom, and extracting said drawer from said safe," taking therefrom money, etc. This averment shows a loss within the provisions of the policy. The policy makes no distinction between outer and inner doors. The pleading shows that the money and property were taken from a part of the safe that was entered by the use of tools and force. Aside from the rule that insurance policies should be liberally construed in favor of the assured, we think this policy means that if the money or property in the safe is reached through the use of tools or explosives upon any part of the safe, the loss is covered by the policy. In this respect we think the second paragraph sufficient. But for the reasons above given the demurrer to each paragraph of the complaint should have been sustained. As the complaint was tested by demurrer, it can not be aided by reference to other parts of the record, but must stand or fall by its own averments. *Pittsburgh, etc., R. Co.* v. *Moore,* 152 Ind. 345, 44 L. R. A. 638, and cases there cited.

Judgment reversed.