ABRAHAM MOSKOVITZ v. THE TRAVELERS INDEMNITY
COMPANY.[1]

November 7, 1919.

No. 21,396.

**Insurance against burglary — exception — construction of policy.**

The defendant issued to the plaintiff a policy of burglar insurance by
which it promised indemnity against loss by felonious entry into his
safe by actual force of which there were visible marks upon the safe
by tools or explosives, etc. Liability was excluded if entry was ef-
fected by opening the door by a key or the manipulation of the lock.
The plaintiff sustained a loss. The entry of the outer door was effected
by the manipulation of the lock. The entrance through the inner door
was effected by the use of a hammer and chisel, and there were visible
marks of the forcible entry. It is *held* that the defendant is liable on the
policy.

Action in the municipal court of St. Paul to recover $396.82 upon de-
fendant's burglary policy. The case was tried before Finehout, J., who
made findings and ordered judgment in favor of plaintiff for the amount
demanded. From an order denying its alternative motion for amended
findings or for a new trial, defendant appealed. Affirmed.

*Hoke, Krause & Faegre,* and *L. N. Foster,* for appellant.

*Thomas J. Newman,* for respondent.

DIBELL, J.

Action on a policy of burglary insurance issued by the defendant to the
plaintiff. There were findings for the plaintiff and the defendant ap-
peals from the order denying its motion for a new trial.

By the policy the defendant promised as follows:

"To indemnify the assured for all loss by burglary occasioned by the
abstraction of any of such property from the interior of any safe or vault
described in the declarations and located in the assured's premises, by
any person or persons making felonious entry into such safe or vault by

[1]Reported in 174 N. W. 616.

actual force and violence of which force and violence there shall be visible marks made upon such safe or vault by tools, explosives, chemicals or electricity."

In certain instances, of which we note two, there was an exclusion of liability though there was an entry and burglary:

"Nor unless all vault, safe and chest doors are properly closed, and locked by a combination or time lock at the time of the loss or damage; *nor if effected by opening the door of any vault, safe or chest by the use of a key or by the manipulation of any lock."*

The italicized exclusion is the important one. The other is quoted to show the context.

The plaintiff sustained a loss by burglary from his safe. There was no actual force or violence used in effecting entry through the outer door nor were there any visible marks made upon it. Entrance through it was effected by a manipulation of the lock. The lock of the inner door was broken by the use of a hammer and chisel and the lock was knocked off. There were visible marks of the entry through the inner door.

The contention of the insurance company is that to charge it there must have been an entry through the outside door by force and violence of which there were visible marks by tools, and that if the outside door was entered by a manipulation of the lock there can be no recovery though the inner door was broken open by the use of tools which left visible marks. It cites in support of its contention: Blank v. National Surety Co. 181 Iowa, 648, 165 N. W. 46, L.R.A. 1918B, 562; Brill v. Metropolitan Surety Co. 113 N. Y. Supp. 476; Frankel v. Massachusetts Bonding & Ins. Co. (Mo. App.) 177 S. W. 775; First Nat. Bank v. Maryland Casualty Co. 162 Cal. 61, 121 Pac. 321, Ann. Cas. 1913C, 1170; Maryland Casualty Co. v. Ballard, 134 Ky. 354, 120 S. W. 301. The Iowa case gives a legitimate foundation for its contention, though the policy there involved is somewhat different. The other cases involved policies which distinguish them.

The plaintiff's contention is that liability arises when there is an entry by actual force through the inner door by tools, of which visible marks are left, though entrance through the outer door is effected by a manipulation of the lock and no marks of force are upon it. This contention finds support in T. J. Bruner Co. v. Fidelity & Casualty Co. 101 Neb.

825, 166 N. W. 242, and Fidelity & Casualty Co. v. Sanders, 32 Ind. App. 448, 70 N. E. 167, and we sustain it.

The policy is not quite clear. The rule of construction favors the insured and resolves ambiguities against the insurer. It was proper, and not difficult, to write a policy making a forcible entry through the outside door attended by visible marks a prerequisite of liability. If the insurance company intended to offer the plaintiff such a policy it could have made its meaning sufficiently clear by the use of a few apt words, and, wishing its liability thus limited, it should have done so.

Order affirmed.