13295.   COLUMBIA CASUALTY COMPANY *v.* ROGERS COMPANY.

STEPHENS, J.   1.   Where a policy of burglary insurance provides indemnity to the insured " for all loss of money, . . occasioned by the felonious abstraction of the same from within the safe or safes described in· the schedule, . . after entry into such safe or safes has been effected by force and violence by the use of tools, explosives, electricity, or chemicals directly thereupon, of which force and violence there shall be visible marks, . . and for all loss by damages (except by fire) to the said money, . . caused directly by such entry into the safe, or attempt thereat," and provides that the insurer " shall not be liable for loss of or damage to . . such property contained in a fire-proof safe or vault unless entry into such safe or vault has been effected by the use of tools, explosives, electricity, .or chemicals directly upon the exterior thereof," and further provides that the insurer shall not be liable for such loss " unless the doors of all vaults, safes, and chests covered hereby are equipped with combination or time lock and properly closed and locked at the time of the burglary or attempt thereat," *held,* that a felonious entry into the safe, effected by " tools, explosives, electricity or chemicals directly upon " any part of the safe exterior to the

cavity holding the contents of the safe, providing all doors were equipped with the kind of locks provided for in the policy and at the time of the felonious entry into the safe were properly closed and locked, is such a felonious entry as is insured against by the policy.

2. A petition in a suit by the insured to recover for a loss under the policy, which alleges that the safe was the property of the insured and was such a safe as is described in the policy, the contents of which were insured against burglary, and that the safe had been properly closed and locked as provided in the policy, and that the inner door of the safe was forced open by the use of tools directly on the exterior of such inner door, and that the interior of the safe was burglariously entered and the contents extracted, sets up a cause of action under the policy.

3. The court did not err in overruling the demurrer.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED NOVEMBER 23, 1922.

Action on insurance policy; from Fulton superior court — Judge Pendleton. December 21, 1921.

Certiorari was granted by the Supreme Court.

*Westmoreland & Smith,* for plaintiff in error.

*Mayson & Johnson,* contra.