# CHARLESTON.

THE C. KALBITZER PACKING COMPANY v. THE TRAVELERS'
INDEMNITY COMPANY

(No. 6077)

Submitted February 28, 1928.    Decided March 6, 1928.

INSURANCE—*Evidence as to Whether Safe Had Been Entered,
Within Policy Insuring Against Entry by Force Making
Visible Marks, Held for Jury.*

Where the policy of burglary insurance sued on under-
takes to indemnify the assured against loss by burglary of
property "within that part of any safe to which the insur-
ance under this policy applies, occasioned by any person or
persons making. felonious entry" into the same "by actual
force and violence, of which force and violence there shall be
visible marks made upon such safe or vault, by tools, ex-
plosives, electricity, gas or other chemicals, while such safe
or vault is duly closed and locked by at least one combina-
tion or time lock," and the evidence shows that the safe in
question was entered and a large sum of money stolen there-
from, and also shows visible marks of violence on the knob
and dial plate of the outside door, but when examined after-
wards by expert locksmiths the safe was locked and they and
others were unable to open it by manipulation of the handle
and lock, but the inside door, equipped with a Yale lock and
key, was found open and the upper and lower corners of that
door were bent out, the end of the blade of a knife inserted
in the key hole and the knife found on the floor, and there
were also evidences on the door that some tool or other in-
strument had been used in battering down the corners of
the door, the evidence was sufficient to carry the case to the
jury upon the question whether the safe had been entered
and the burglary committed in the manner and within the
terms prescribed by the policy.

(Burglary and Theft Insurance, 9 C. J. § 15.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Error to Circuit Court, Ohio County.

Action by the C. Kalbitzer Packing Company against the
Travelers' Indemnity Company. Judgment for plaintiff, and
defendant brings error.

*Affirmed.*

*J. Wm. Cummings* and *A. E. Bryant,* for plaintiff in error.
*George C. Beneke* and *J. M. Ritz,* for defendant in error.

MILLER, PRESIDENT:

By the burglary insurance policy sued on, the defendant
company undertook "To indemnify the assured for all loss by
burglary of any such property from within that part of any
safe or vault to which the insurance under this policy applies,
occasioned by any person or persons making felonious entry
into such safe or vault by actual force and violence, or which
force and violence there shall be visible marks upon such safe
or vault by tools, explosives, electricity, gas, or other chem-
icals, while such safe or vault is duly closed, and locked by
at least one combination or time lock and located in the as-
sured's premises as hereinafter defined, or while located
elsewhere after removal therefrom by burglars."

The declaration which is in the short form prescribed by
statute, sues for $1,208.30 with interest from May 16, 1926,
for loss in respect to the property insured by said policy
caused by burglary, theft or robbery on or about the 16th day
of May, 1926, at 1327 Market Street, Wheeling, West Vir-
ginia, with which declaration a bill of particulars was filed
showing by items the amount of said loss.

The evidence is conclusive that the safe was equipped with
a combination lock on the outside door, and with a Yale lock
operated with a key on the inside door, and that the safe was
duly closed and locked by the combination lock as well as by
the inside or Yale lock on the night before the burglary was
committed, and that the safe was feloniously entered.

The defense was that plaintiff failed to establish the essen-
tial fact by competent and sufficient evidence that the entry
was made by force and violence manifested by visible marks
made upon the safe by tools, explosives, electricity, gas or
other chemicals, while the safe was so duly closed and locked
as provided in the policy.

When the safe was first examined, the witnesses say that
the knob and dial plate of the combination lock showed that
it had been tampered with, that the knob bore a mark of
indentation, that the neck thereof was bent, and that it and

the dial were broken loose from the inside mechanism so that the lock could not then be operated or manipulated, by the two locksmiths called as witnesses by the defendant nor by other persons who tried to do so, so as to open the door, and these locksmiths gave it as their opinion that the safe door had not been entered by any force or violence exerted on the outside door or lock. The door was finally opened by these mechanics by drilling a quarter inch hole in the door under the dial plate into which a quarter inch rod was inserted and the bar punched, which released the combination from it, and by turning the handle the bolt went back, and the door came open.

But according to the terms of the policy, it is apparent that right of recovery was not made to depend on force and violence so manifested, on the outside door of the safe, or on both doors, as provided in some policies of indemnity of this same character. Such force and violence manifested on any part of the safe sufficient to make an entry will satisfy the terms and conditions of the policy upon which liability of the surety is made to depend. When the outside door was opened, the inner door was found unlocked. In the keyhole was found inserted the end of a knife blade, and the knife from which it had been broken was found on the floor. The upper and lower left hand corners of the inside door consisting of soft quarter inch steel were bent down or up, evidently by the insertion of some tool and by prying thereon, and as manifested by marks or scratches on the safe; and one of the locksmiths called as a witness by defendant when asked by counsel whether by the use of some prying instrument and the knife blade as described this inner door could have been forced open, said "it is possible", it may have been.

If the case depended on the evidence tending to show force and violence used on the outer door of the safe, the evidence might leave us in doubt, though there was some evidence of force and violence thereon by the use of tools. True the expert witnesses gave it as their opinion that this door was not entered by means of such force and violence, but this was opinion only. No one could say that the door had not been in some way forced thereby. There were the marks upon it.

If we assume, as defendant would have us do, that entrance was made by some one knowing the combination, and that he entered by manipulating that, yet there is the evidence of force and violence on the inside door, and can we deny to the plaintiff the benefit of the jury's verdict on these facts? We think not. The evidence was certainly sufficient to carry the case to the jury, and justifying the trial judge in refusing defendant's peremptory instruction No. 1 to find for the defendant, also their instruction No. 4 which would have told the jury that the mere fact that there were some scratches or indentations upon the knob and dial plate, they were not sufficient to warranty a finding for plaintiff. As we have said, there was the evidences of force and violence upon the inside door, which instruction No. 4 wholly ignores. Plaintiff was entitled to have all the evidence go to the jury. This conclusion is supported by the cases relied on and cited by the trial court in denying the defendant's motion for a new trial, namely, *Moskovitz* v. *Travelers Indemnity Company,* 144 Minn. 98; *Brill* v. *Metropolitan Surety Company,* 133 N. Y. S. 476; *National Surety Company* v. *Chalkley,* (Tex.) 260 S. W. 216; *Bruner* v. *Fidelity & Casualty Company,* 101 Neb. 825; *Rosenbach* v. *Fidelity & Casualty Company,* 204 Mo. App. 145; *Columbia Casualty Co.* v. *Rogers Co.,* 29 Ga. App. 248; *Palace Laundry Company* v. *Royal Indemity Company,* 63 Utah 201; *Cahn & Wachenheim* v. *Fidelity & Casualty Company,* 157 La. 238. In a number of these cases the evidence of force or violence on the outside door was none or was uncertain, but the fact that the evidence showed force and violence on the inside door was held sufficient to take the case to the jury on the question of entrance by force or violence. The judgment will be affirmed.

*Affirmed.*