(133 So. 298)

## AMERICAN SURETY CO. OF NEW YORK v. SOUTHERN OIL STORES, Inc.

### 3 Div. 664.

Court of Appeals of Alabama.

Oct. 7, 1930.

Rehearing Denied Nov. 11, 1930.

Steiner, Crum & Weil, of Montgomery, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

RICE, J.

Appellee sued appellant for the alleged breach of a contract of indemnity insurance, predicated upon a felonious or burglarious entry into appellee's safe, whereby the appellee sustained a monetary loss. The safe in question was a combination lock safe. There was an inner steel compartment which was fixed into the partitions inside the safe, the combination lock being, of course, affixed to the outer door of the said safe. This inner steel compartment had a small door which was locked with a key. Inside of same was a small drawer or till from which the money was abstracted. The undisputed testimony is that, at the time of the loss of the money mentioned, the policy issued by the appellant surety company was in full force and effect, and that it covered and included the safe and money in question. Also that at said time the circumstances of said loss were that both the outer door and the inner compartment were locked before the entry of the safe; that some one entered, by prizing loose a hook that latched the window and the catch on the bottom of the door, the building in which this safe was located; that the outer door of the safe was opened by working the combination, the little iron box on the inside of the safe was prized loose from the safe, and the box chiseled open from its rear end and the money taken out, the door of the box being still locked; that there were no marks of violence on the outer door of the safe, nor anywhere on the safe, except on the inside, made in prizing out the little chest from its location in there, by putting something in behind the box.

The presentation of the case here is made in such a way that the question of appellant's liability, vel, non, on its policy for the loss above described upon the undisputed testi-

mony outlined is the only one for our decision.

The particular clause or paragraph of the policy, upon which it is claimed appellant should be required to indemnify appellee, is that in the language which we proceed to quote, by which it agrees: "A. To indemnify the Assured For All Loss By burglary of such property from within that part of any safe or vault to which the insurance under this Policy applies, occasioned by any person or persons making felonious entry into such safe or vault by actual force and violence of which force and violence there shall be visible marks made upon such safe or vault by tools, explosives, electricity, gas or other chemicals, while such safe or vault is duly closed, and locked by at least one combination or time lock and located in the Assured's premises as hereinafter defined, or while located elsewhere after removal therefrom by burglars."

Both appellant and appellee are, here, represented by able and industrious counsel; and they have furnished us with briefs that have been read with much interest. We would say profit, except for the fact that the authorities ferreted out and brought to our attention—of apparently equal respectability on each side—are, to our minds, irreconcilable. In other words, the several courts over the land to whose opinions we have been cited, deciding what seems to be questions similar to that before us, have differed about as widely as do the opposing counsel in this case.

It seems clear that the appellate courts of Indiana, Nebraska, Minnesota, Missouri, Texas, and Wisconsin, and perhaps some others, if they were deciding the question here presented, would decide it in favor of the appellee. This is evident from an examination of the opinions in the following cases: Fidelity & Casualty Co. v. Sanders (1904) 32 Ind. App. 448, 70 N. E. 167; Bruner v. Fidelity & Casualty Co. (1917) 101 Neb. 825, 166 N. W. 242; Moskovitz v. Travelers' Indemnity Co. (1919) 144 Minn. 98, 174 N. W. 616; Rosenbach v. National Fidelity & Casualty Co. (1920) 204 Mo. App. 145, 221 S. W. 286; National Surety Co. v. Chalkey (Tex. Civ. App. 1924) 260 S. W. 216; Vaudreuil Lumber Co. v. Ætna Casualty & Surety Co. (Wis.) 230 N. W. 704.

It seems likewise clear that the appellate courts of Iowa, and perhaps some others of the states of the American Union, would decide the question in favor of appellant. This is indicated by the opinions, and citations, in the cases of A. H. Blank v. National Surety Co., 181 Iowa, 648, 165 N. W. 46, L. R. A. 1918B, 562, and Jackson Steam Laundry v. Ætna Casualty & Surety Co., 156 Miss. 649, 126 So. 478.

We have given careful consideration to each case cited to us, either on behalf of appellant, or appellee, or that we could find, through our own efforts. It is obviously impossible to reconcile the views of the several courts which have decided similar questions.

Our own Supreme Court does not seem to have had a case involving the question. It has, though, said this, which we deem here pertinent: "Under the power of construction, courts will not make or remake contracts for the parties. It will only give force and effect to their contracts within the law—there being no questions of public policy or ultra vires presented—according to the obvious meaning of the parties, if expressed in clear and unambiguous terms." Pennsylvania Fire Ins. Co. v. Malone et al., 217 Ala. 168, 115 So. 156, 162, 56 A. L. R. 1075, citing a large number of cases, among them that of Day v. Home Ins. Co., 177 Ala. 600, 58 So. 549, 550, 40 L. R. A. (N. S.) 652, from the opinion in which we quote the following language, as expressing the same rule: "In general, contracts of insurance are construed most strongly against the insurer; but where there is no occasion for construction, such contracts must be enforced according to their clear and unambiguous meaning. There is no authority in the courts, on the supposition that the purposes which the parties intended to secure may have been unnecessary or as well secured by other means, to disregard the valid requirements and conditions of such contracts, or to construct, by implication or otherwise, a new agreement in place of that deliberately made by the parties."

Applying then, the utterances, quoted of our own Supreme Court, by which alone, we are bound (Code 1923, § 7318), to the question before us, we observe that there is no question of public policy, or ultra vires, involved, and that, in our opinion, the hereinabove quoted paragraph from the insurance policy presents "no occasion for construction," but that its meaning is "clear and unambiguous." It therefore becomes our duty to so rule as that its terms may be enforced according to such meaning.

Appellant agreed to indemnify the assured (appellee) for all loss by burglary of such property (the money, here) from within that part of any safe or vault to which the insurance under this policy (the policy made the basis of this suit) applies (i. e., from the place where the money, here, was taken) occasioned by any person or persons making felonious entry into such safe or vault by actual force and violence of which force and violence (i. e., the force and violence used in making entry into such safe or vault) there shall be visible marks made upon such safe or vault by tools, explosives, electricity, gas, or other chemicals, while such safe or vault is duly closed, and locked by at least one combination or time lock and located, etc.

If it could be said that opening the safe by "working the combination" on the outer

door was "making felonious entry into such safe * * * by actual force and violence," still, here, the undisputed testimony shows an absence of a right of recovery on the part of appellee because of the failure of same to disclose any evidence of "visible marks made upon such safe *.* * by tools, explosives, electricity, gas or other chemicals" of such "force and violence," i. e., the "force and violence" used in "making felonious entry into such safe." It will be noted we do not mention the word "vault" in our reasoning—this for the reason that we think it not material in the decision of the question before us.

Distinquished counsel for appellee substituted in their brief the word "compartment" for the word "vault." But this substitution, as we read the record, was unauthorized. We will not undertake a legal definition of the two words. It will suffice to state that the fact that they denote entirely different things is obvious. Of course, if the word "compartment" were substituted for the word "vault," where this latter word appears in the policy of insurance, there would be compelling force in the argument made in the brief of appellee's counsel.

We are unable to see how evidence of the chiseling out, or prizing out, of the inner steel compartment in the safe in question, after the said safe was opened by "working the combination," can be said to be any evidence of "visible marks made upon such safe by tools, etc.," of the force and violence used in "making felonious entry into such safe."

Therefore, as we see it, according to the "clear and unambiguous meaning" of the clause or paragraph of the insurance policy sued on, which we have hereinabove quoted, the appellee, under the undisputed testimony in this case, was not entitled to recover.

The rulings of the trial court presented for our consideration not being in accord with this view, the judgment is reversed, and the cause remanded.

Reversed and remanded.