No. 16,839.

GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION *v.* HELLER ET AL.
(253 P. [2d] 966)

Decided February 9, 1953. Rehearing denied March 2, 1953.

Messrs. JANUARY & YEGGE, Mr. HART D. GILCHRIST, for plaintiff in error.

Messrs. CREAMER & CREAMER, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

IDA HELLER, Marvin L. Heller and Gerald Heller, co-partners doing business as Model Furniture Company, defendants in error here and plaintiffs below, brought an action against General Accident Fire and Life Assurance Corporation Limited, a corporation, plaintiffs in error here and defendants below, to recover losses sustained by them which were allegedly within the provisions of defendant's certain schedule burglary and robbery policy. On trial to the court judgment was entered in favor of plaintiffs and against defendant, and it here, by writ of error, seeks a reversal of the judgment.

The undisputed evidence is that on December 9, 1950, defendant executed its schedule burglary and robbery policy, to which we herein refer as policy, to plaintiffs, insuring them for a period of one year against loss by safe-burglary and for damages to the premises in effectuating a burglary. Plaintiffs are engaged in the furniture business, and the safe used by them in that business is one with two doors, the outer of which is locked by means of a combination lock and the inner by means of a key. On September 26, 1951, between the

hours of 6 and 10 o'clock P. M., and while the store was closed for business, their safe was burglarized, and cash in the amount of $1285.21 and securities were abstracted therefrom. In gaining access to the safe the building was damaged. The outer door of the safe was opened by manipulating the combination thereof, the inner door being opened by destroying the lock. There were no noticeable marks found on the outer door or exterior of the safe; however, the inner door did indicate that force and violence were used in a felonious entry thereto, and that marks thereon were made with tools.

It is admitted that plaintiffs are entitled to judgment in the sum of $275.00 for damages to the building under the following provisions of the policy: "To indemnify the Insured for all loss of or damage (hereinafter called loss) to such property while in the premises, and for damage to the premises if the Insured is the owner thereof or is liable for such damage, provided such loss is occasioned by: (a) Robbery"

The only question presented on this review for our determination is whether plaintiffs are entitled to recover in view of the following provisions of the policy:

"Insuring Agreements

\* \* \*

"Coverage I—Safe Burglary

"1. For all loss by burglary of money, securities and merchandise from within that part of any safe or vault, to which the insurance hereunder applies, by any person or persons making felonious entry into the insured part of such safe or vault by actual force and violence (of which force and violence there shall be visible marks made by tools, explosives, electricity, gas or chemicals, upon the exterior of (a) all of the doors of the safe or vault if entry is made through such doors, or (b) the top, bottom or walls of the safe or vault, through which entry is made if not made through such doors) while all the doors of such safe or vault are duly closed and

locked by combination or time lock and while such safe or vault is located in the premises, or elsewhere after removal therefrom by burglars."

There are included in the policy some "Special Conditions Applicable Only to Coverages Specified." Under "Coverage I" are the following:

"10. Entry into Vault, Safe or Chest. The Company shall not be liable if the insurance is limited to a chest inside a safe or a safe inside a vault unless both the chest and the safe or the safe and the vault, as the case may be, shall have been entered in the manner specified under Coverage I.

"11. Exclusions. The Company shall not be liable for loss or damage (1) effected by opening the door of any vault, safe or chest by the use of a key or by the manipulation of any lock; * * *."

■ ■ There is no question of fraud presented in the case, and it must be conceded that where the provisions of a policy are couched in plain and unambiguous language and do not contravene some principle of public policy, we have no right to relieve one of the parties to the contract from its disadvantageous terms by a forced construction or interpretation of its provisions. Under Item 3 of said policy there are numerous coverages, with the amount thereof and the premium therefor left in blank, and under subdivision I thereof we find safe burglary, the amount of insurance being $1000.00, and the premium therefor being $41.25. On the second page of said schedule we find the "Insuring Agreements," and under Coverage I we find the paragraph hereinbefore quoted. The language in Coverage I, supra, is plain and unambiguous; couched in ordinary terms—such that a reasonably intelligent person could readily understand the same. Under these circumstances, the exclusion clause, supra, must be given the meaning which a person of ordinary intelligence would attach to it. In the present case it is admitted that there was a felonious

entry into the insured part of the safe, but there is no actual force and violence indicated by visible marks made by tools, explosives, electricity, gas or chemicals upon the exterior of all of the doors of the safe, and the entry into the insured safe was made through such doors, the outer of which, it is admitted, was opened by the manipulation of the lock. Counsel have not called to our attention any decision wherein the policy contained the exact insuring agreement or special conditions couched in the exact language contained in the policy here in question, nor have we found such a decision, but we believe the following authorities and references sufficiently in point to support us in our conclusion that the trial court erred in entering its judgment in favor of plaintiffs here: *First National Bank of Monrovia v. Maryland Casualty Co.*, 162 Calif. 61, 121 Pac. 321; *Rosenthal v. American Bonding Company of Baltimore*, 207 N. Y. 162, 100 N.E. 716; *Shattuck & Jones, Inc. v. Travelers Indemnity Co.*, 323 Mass. 146, 80 N.E. (2d) 313; *Remedial Finance Corporation v. Indemnity Ins. Co. of North America*, 169 Okla. 199, 36 P. (2d) 858; *Blank v. National Surety Co.*, 181 Ia. 648, 165 N.W. 46; *Schubach v. American Surety Co. of New York*, 73 Utah 332, 273 Pac. 974; *Jackson Steam Laundry v. Aetna Casualty & Surety Co.*, 156 Miss. 649, 126 So. 478; *Cole v. Hartford Accident & Indemnity Co.*, 242 Ia. 416, 46 N.W. (2d) 811; *Fidelity & Deposit Co. of Maryland v. Spokane Interstate Fire Ass'n*, 8 F. (2d) 224; *Swanson, Inc. v. Central Surety & Ins. Corporation*, 343 Mo. 350, 121 S.W. (2d) 783; 41 A.L.R. 855; 44 A.L.R. 473; 54 A.L.R. 470; 29 Am. Jur., p. 794, sec. 1056; 45 C.J.S., p. 944, sec. 886.

In plaintiffs' brief our attention is directed to section 886 (b), page 957, 45 C.J.S., and under paragraph entitled, "Forcible entry; visible marks" counsel unfortunately fail to give the court the benefit of the entire paragraph, and counsel for defendant failed to call this omission to our attention. Asterisks are substituted for the following: " * * * but there is also authority to the

contrary. On the other hand, it has generally been considered that force applied to the inner compartment only will not suffice under policy provisions requiring force evidenced by visible marks on the 'exterior' or 'outside' of the safe or vault, although as to this there is also authority to the contrary." Asterisks should not be substituted for parts of texts and opinions not in harmony with the quoted parts thereof.

The judgment is reversed and the cause remanded with instructions to dismiss the action.

MR. JUSTICE HOLLAND dissents.